## W. R. KELLY v. STATE.

No. A-1919.   Opinion Filed January 10, 1915.

(153 Pac. 1094.)

1.  INDICTMENT AND INFORMATION—Information—Amendment —''Forgery in the First Degree''—''Forgery in the Second Degree.'' On a trial for forgery, charged as defined by section 2621, Rev. Laws, providing that any person is guilty of forgery in the first degree who with intent to defraud, forges ''any deed or other instrument, being or purporting to be the act of another, by which any right or interest in real property is, or purports to be transferred, conveyed, or in any way changed or affected,'' it is error to permit an amendment which will change the information so as to charge forgery as defined by section 2626, Rev. Laws, which defines forgery in the second degree to be the making of a false certificate of acknowledgment by an officer authorized to take the acknowledgment of a deed or other instrument affecting real property, which by law may be recorded.

2.  INDICTMENT AND INFORMATION — Conviction of Included Offense—Different Degrees of Same Offense. Where criminal acts of widely different characteristics are arranged together under a statute as degrees of an offense of the same name, a conviction cannot be had of a crime as included in the offense specifically charged, unless the information in charging a higher degree contains all the essential allegations of the lower degree.

3.  INDICTMENT AND INFORMATION — Conviction of Included Offense—Information. Procedure Criminal, sec. 5923, Rev. Laws, providing that ''The jury may find the defendant guilty of any offense the commission of which is necessarily included in that with which he is charged,'' applies only where the allegations of the information embrace or cover the included offense, or when such included offense is an essential element of the offense charged. (Syllabus by the Court.)

*Appeal from District Court, Blaine County;*
*G. A. Brown, Judge.*

W. R. Kelly, was convicted of forgery in the second degree and appeals. Reversed.

The following information, omitting title, verification and endorsements was filed in the District Court of Blaine county:

"In the name and by the authority of the State of Oklahoma:

Now comes A. L. Emery, County Attorney, in and for the State and County aforesaid, and gives the court to know and be informed that one W. R. Kelly late of the County of Blaine and State of Oklahoma on the 24th day of November in the year of our Lord one thousand nine hundred and Nine at and within the said County and State did then and there, unlawfully wilfully, and intentionally, knowingly, wantonly, maliciously and feloniously fraudulently and falsely, make forge and counterfeit and cause to be made, forged and counterfeited, a certain instrument of writing, being and purporting to be the act of another person, to-wit: J. J. Kelly which said instrument of writing, as aforesaid was and is in language, words, and figures, and of the following purport, and effect, to-wit:

'Know all men by these presents: Whereas, on the 6th day of July, 1903, a certain mortgage or deed of trust was executed by Ira B. Coon and Cora E. Coon, mortgagors, to J. J. Kelly, mortgagee, for the sum of Eighty-five_____no/100 Dollars, upon the following described real estate, viz: Lots 10-11 and 12, in Block 40 in the Town of Watonga, Blaine County, Oklahoma, which said mortgage is recorded in Vol. 10 of mortgages on page 32 of the records of Blaine County, Oklahoma.

Whereas, the note secured by said Mortgage has been paid in full.

NOW, THEREFORE, J. J. Kelly, the above named mortgagee does hereby remise, release and forever quit claim all his right, title and interest in and to the above mentioned property, which he may have, acquired by virtue of said above named mortgage or deed of trust to_____the said mortgagors, their heirs and assigns forever.

Witness my hand this 10th day of November, 1907.

J. J. Kelly.'

State of Oklahoma, Blaine County, ss.

Before me, a Notary Public, in and for said County and State, on this 10th day of November, 1907, personally appeared J. J. Kelly and _____ to me known to be the persons who executed the above release and such person duly acknowledged the execution thereof to be his free and voluntary act for the purpose named.

Witness my hand and official seal the date above written.
(Seal.)                     .               W. R. Kelly, Notary Public.

My commission expires Jan 9, 1909'

6448
Release of Mortgage
from
J. J. Kelly
to
Ira Coon et al
L 10-11-12 Bl 40 Wat.

State of Oklahoma, ss.

County of Blaine.

This instrument was filed for record on the 24th day of Nov. A. D. 1909 at 10:50 a. m. and duly recorded in Book R. 1, page 553.
Fees 75 cents due in advance
Theodore Graalman
Register of Deeds.

_____
                                    Deputy.

This release conforms with the printed records of Blaine County.
Furnished on application by
Theodore Graalman
Register of Deeds.
10-32
11-10-07
Ira Coon, Call.

with the unlawful, wilful, fraudulent and felonious intent of him the said W. R. Kelly, to then and there cheat and defraud the estate of J. J. Kelly, he the said J. J. Kelly was then and there deceased, and the said instrument of writing so forged and counterfeited as aforesaid, being then and there an instrument of writing by which the rights and property of the said estate of J. J. Kelly, deceased, were, are and purport to be diminished and affected and by which said false, fraudulent and felonious making, forging and counterfeiting of said instrument of writing as aforesaid, the said estate of J. J. Kelly, deceased, may be and were affected, bound and injured in its property.
contrary to the form of Statute in such case·made and provided and against the peace and dignity of the State."

To the information the following demurrer was interposed, overruled and exception allowed:

· "The defendant demurs to the Information filed in said action in said court on the grounds following, to-wit:—

First, Said Information does not state facts sufficient to constitute a public offense.

Second, More than one offense is charged in said Information.

Third, Said Information is not direct and certain as to the offense charged, nor the particular circumstances of the offense charged, and does not sufficiently inform the defendant of the nature and cause of the accusation against him."

Upon the trial when the state rested, the defendant moved the court to advise the jury to acquit the defendant, "on the ground that the evidence is insufficient to warrant the conviction of the defendant of the offense charged in the information, and on the further ground that there is a variance between the allegations of the information and the proof in evidence." Which motion was overruled and exception allowed.

Thereupon the defendant introduced his evidence and after all the evidence on the trial had been introduced and both the state and the defendant had rested, the state asked leave to amend the information, and the defendant made objections

thereto. Proceedings showing said application and objections are as follows:

"Mr. Emery: The State at this time asks leave to amend the information by adding the words, adding after the words 'J. J. Kelly' in the charging part of the information and where the words "JJ. Kelly' is first used in the information, the following: 'and in said instrument knowingly and falsely certified that said instrument was acknowledged by said J. J. Kelly, when in truth and in fact such instrument was not acknowledged by said J. J. Kelly, as certified, and the said W. R. Kelly then and there being a Notary Public, duly commissioned and qualified for the residing in said county and state, and.'

Mr. Foose: The defendant objects to the State being allowed to amend the information as requested for the reason that the amendment proposed changes the information so as to charge another, distinct and different offense from the original charged in the information, and for the reason that no cause, reason or excuse is shown why the amendment was not made earlier and before the taking of evidence on the trial, nor why the information did not as originally filed charge the defendant with that offense.

For the further reason that the case was tried throughout, both on the part of the State and the Defendant upon the theory that the information charged the defendant with the forgery of the words—with the forgery of the release and the forgery of the name and signature of J. J. Kelly to the release, and not under the theory that the defendant was being prosecuted for making a false certificate of acknowledgment as a Notary Public.

For the further reason that the defendant has not made any preparation for the defense, nor attempted to make any defense in this trial to the offense which would not be charged against him if the State is permitted to make the proposed amendment.

For the further reason that under the charge that would be made by the amended information, if it should be amended, the defendant has not had any preliminary examination; nor has he ever been given an opportunity to have a preliminary examination, or to waive the same, and such charge not appearing in the complaint and no complaint was ever filed against him in any court or before the county judge, or any court, for a preliminary examination on such charge.

For the reason that the substantial rights of the defendant would be prejudiced by the making of such amendment.

For the reason that if the amendment were permitted, the information as amended would be duplicitious and would charge two offenses in one information, to-wit: the original forgery charged in the release of the signature of J. J. Kelly, and in addition thereto the charge of making a false certificate as a Notary Public, and the defendant asks leave of court to introduce evidence in support of the grounds above stated that no preliminary complaint was ever filed to the charge as amended, and the charge as it would be if the amendment were allowed, and that the defendant was not given any preliminary examination, or ever was given an opportunity to do so.

The Court: All right; I will permit you to introduce your evidence."

The objections of the defendant to the application of the state, amending the information were overruled, to which the defendant accepted and the state was allowed to amend the information by adding thereto certain allegations as follows, to-wit:

"and in said instrument knowingly and falsely certified that said instrument was acknowledged by the said J. J. Kelly when in truth and in fact such instrument was not acknowledged by said Kelly as certified and the said W. R. Kelly then and there being a notary public, duly commissioned, qualified for, and residing in said county and state."

Thereupon the defendant moved the court to continue the case for the term in order to enable him to prepare for trial on the charge as amended, which motion was overruled and exception allowed. Thereupon the defendant asked for twenty-four hours in which to plead to the information as amended, which application was overruled and exception allowed.

Thereupon the defendant filed the following motion to set aside the information:

"The defendant moves the court to set aside the information as amended and particularly to set aside that part of the information including the amendment which purports to charge the

defendant as an officer with the offense of knowingly and falsely making a false certificate of acknowledgment, on the following grounds, to-wit:

First:—The defendant has not had a preliminary examination on said information as amended nor on the said offense nor on the offense charged therein by said amendment, nor in said action or proceeding, nor has he waived any such preliminary examination, nor has he been given an opportunity to do so, and no preliminary complaint charging the defendant with the commission of the offense charged in said amended information or charged by said amendment or charging him with the commission of the offense of knowingly and falsely certifying that an instrument was acknowledged by J. J. Kelly when in truth and in fact such instrument was not acknowledged by said J. J. Kelly, he the said W. R. Kelly, being a notary public, in any court or before any court or magistrate, or any where else.

Second:—The information as amended is not sworn to or verified or affirmed and is not based on or supported by any affidavit, verification or affirmation nor by any verified, sworn or affirmed complaint, and the said amendment was never verified by any oath or affirmation or sworn to or affirmed, nor based on or supported by any affidavit, verification or affirmation, or by any verified sworn or affirmed complaint.

The defendant offers to introduce evidence in support of this motion and asks leave of court to do so."

Which motion was overruled and exception allowed.

Thereupon the defendant filed a demurrer to the amended information, which was overruled and exception allowed. Thereupon the defendant in support of his motion for a continuance filed his affidavit which reads as follows:

"State of Oklahoma, Blaine County, ss:

W. R. Kelly, duly sworn, on his oath says he is defendant in the above entitled case. That by reason of the amendment to the information filed herein this defendant was surprised and is not at this time prepared to meet the charge contained in the information as amended, and that such amendment substantially changes the charge contained in such information, and requires other and different proof to meet such charge.

Wherefore defendant prays that a continuance may be had of the trial of said cause for the term of this Court to enable him to prepare his defense to such information as amended.

W. R. Kelly.

Sworn and subscribed to before me this 30 day of September, 1912.

(Seal)                                    E. J. Warner,
                                    Clerk District Court."

This application for continuance was overruled and exception allowed.

Thereupon, without the introduction of any other evidence on the part of the state, and without giving the defendant any opportunity to offer or introduce evidence, on said charge as amended, the court charged the jury in part as follows:

"1. The information in this case includes the offense of forgery in the first and second degrees, but the court is of the opinion the evidence is insufficient to warrant a verdict of guilty of forgery in the first degree.

2. Any person authorized to take acknowledgments or proof of any conveyance to real property, or of any other instrument which by law may be recorded, and who knowingly and falsely certifies that any such conveyance or other instrument was acknowledged by any party thereto, when in truth such conveyance or other instrument was not acknowledged as certified, is guilty of forgery in the second degree.

Given. Excepted to by defendant. G. A. Brown, Judge.

3. The Court instructs you that a Notary Public in and for Blaine County, Oklahoma, during his term of office as such notary public, is and was, during the year 1909, an officer authorized to take the acknowledgment and proof of a release of a mortgage upon real property, and such release when so acknowledged may, by law, be recorded in the office of the register of deeds in the county where the mortgage is recorded and in which the real property mortgaged is situated.

Given. Excepted to by defendant. G. A. Brown, Judge.

4. Now, bearing in mind these instructions and carefully applying them to the evidence, if you believe from the evidence

beyond a reasonable doubt that on or about the 24th day of November 1909, in the county of Blaine and State of Oklahoma, the defendant, W. R. Kelly, was a Notary Public in and for said county, and that as such notary public he then and there falsely certified that the release and instrument set out in the information herein was acknowledged before him, as such notary public, by J. J. Kelly, when in truth he, the defendant, then and there knew that such release and instrument was not acknowledged before him as such officer by the said J. J. Kelly, as certified by him, the defendant; then you will find the defendant guilty of forgery in the second degree as charged in the information, and so say by your verdict. If you do not° so find and believe, you will acquit the defendant.

Given. Excepted to by defendant. G. A. Brown, Judge."

When the counsel for the state arose to address the jury, the defendant requested that the court reporter be required to take the address of counsel for the state to the jury in shorthand, which request was by the court denied, and exception allowed.

The jury rendered a verdict finding the defendant guilty of forgery in the second degree as charged in the information, leaving his punishment to be fixed by the court.

Motions for new trial and in arrest of judgment were duly filed and overruled, and the court rendered judgment and sentenced the defendant to confinement in the penitentiary for thirty days.

To reverse the judgment, the defendant appeals.

*Ed Baker, Seymour Foose* and *R. C. Brown* of Watonga, for plaintiff in error.

*Chas. West,* Atty. Gen., *Smith C. Matson,* Asst. Atty. Gen., and *A. L. Emery,* Co. Atty., for the State.

DOYLE, P. J.   In the view we have taken of the disposition necessary to be made of this case it is neither important nor necessary to consider more than one of the many questions presented in the record and briefs.

This record shows that the preliminary complaint before the magistrate and the original information filed in the District Court charged the forgery of the name of J. J. Kelly to a release of a real estate mortgage, and that they were framed under Section 2621 Rev. Laws, First Subd., which provides that:

"Any person who, with intent to defraud, forges, counterfeits or falsely alters:

First: Any will or codicil of real or personal property, or any deed or other instrument being or purporting to be the act of another, by which any right or interest in real property is, or purports to be, transferred, conveyed or in any way changed or affected;_____ Is guilty of forgery in the first degree."

It further shows that after all the evidence had been introduced on the trial, the state asked leave, and against the defendant's objections, the court permitted the state to amend the information so as to charge the making of a false certificate of acknowledgment as a Notary Public, as defined by Section 2626 Rev. Laws, which provides that:

"If any officer authorized to take the acknowledgment or proof of any conveyance of real property, or of any other instrument which by law may be recorded, knowingly and falsely certifies that any such conveyance or instrument was acknowledged by any party thereto, or was proved by any subscribing witness, when in truth such conveyance or instrument was not, acknowledged or proved as certified, he is guilty of forgery in the second degree."

The court in its charge withdrew from the consideration of the jury the offense charged in the original information and submitted only the offense charged in the amendment thereto. The jury found the defendant guilty of forgery in the second degree.

Counsel for the defendant contend "That the amendment permitted, charged a separate, distinct and different offense from that charged originally, and should not have been allowed; that on this charge no preliminary complaint had ever been filed and his conviction was in violation of the following provisions of the bill of rights: "No person shall be prosecuted for a felony by

information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination." (Const. Art. 2, Sec. 17), and "In all criminal prosecutions the accused shall be informed of the nature and cause of the accusation against him, and have a copy thereof." (Const. Art. 2, Sec. 20). It is claimed by counsel for the state that under Section 5923 Rev. Laws, providing that, "The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged," that the amendment was not prejudicial to the substantial rights of the defendant and it is argued that "under our statutes (Sec. 1154 and Sec. 1169 Rev. Laws) the certificate of acknowledgment is a necessary essential element of the forgery of the release, that if forgery in the first degree cannot be predicated upon the release without the acknowledgment under our laws, then the false certificate of acknowledgment is a necessary element and the commission of it is necessarily included in the charge in the information."

We think the proposition advanced by counsel for the state is untenable. The rule that the defendant may be convicted of any offense the commission of which is necessarily included in that with which he is charged applies only where the allegations of the information embrace or cover the included offense, or when such included offense is an essential element of the offense charged. To constitute forgery under section 2621 *supra,* as charged in the original information there must be a false writing or alteration of an instrument purporting to be the act of another by which any right or interest in any real property is, or purports to be, in any way changed or affected, and the instrument as made must be apparently capable of defrauding, and there must be an intent to defraud. To constitute forgery under section 2626 *supra,* there must be the making of a false certificate of acknowledgment by an officer authorized to take the acknowledgment of a deed or other instrument affecting real estate, which by law may be recorded. The crime under the latter section is a different crime than that under the former. The former is a crime against

property while the essence of the latter is the making of a false acknowledgment. Where criminal acts of widely different characteristics are arranged together under a statute as degrees of an offense of the same name, a conviction cannot be had of a crime as included in the offense specifically charged, unless the information in charging a higher degree contains all the essential allegations of the lower degree. It follows that the amendment in effect changed the information so as to substitute another crime for the one originally charged therein.

Under the provision of the constitution already quoted, the defendant in a criminal case has the right to be informed as to the acts which he has committed which constitute his supposed crime; he cannot be charged in the preliminary complaint and in the information with one offense, and upon his trial be convicted of another different offense, and unless the same is included in the offense charged and embraced within the allegations of the information.

Upon a consideration of the record we deem it proper to say that the evidence as we view it was insufficient to support the conviction and the motion to direct an acquittal when the state rested its case should have been sustained.

It may not be improper to remark that the record in this case goes to show that the criminal law is best administered by a close adherence to the rules of procedure found essential and salutary by experience and established by the wisdom of the ages.

For the reasons stated the judgment of the District Court of Blaine county herein is reversed and the cause remanded with direction to dismiss.

FURMAN and ARMSTRONG, JJ., concur.