## R. L. DAVIS v. STATE.

No. A-4467.    Opinion Filed Sept. 13, 1924.

(228 Pac. 612.)

(Syllabus.)

1.    Indictment and Information—First Paragraph of Information Mere Descriptive Label. The introductory paragraph of an information is ordinarily equivalent to a mere descriptive label; a brief outline of the real, essential charge following.

2.   **Same—Information, Held to Charge Illegal Possession Only.**
     The information examined and held to charge but one offense,
     that of illegal possession of intoxicating liquor, and not of
     illegal sale.

3.   **Judgment and Sentence—Conviction for Illegal Sale not Sus-
     tained on Information for Illegal Possession.**  A conviction
     for the illegal sale of intoxicating liquor cannot be sustained
     upon an information charging illegal possession.

Appeal from County Court, Carter County; M. F. Win-
frey, Judge.

R. L. Davis was convicted of the unlawful sale of in-
toxicating liquor, and he appeals. Reversed and remanded.

Pardue & Davis, for plaintiff in error.

The Attorney General and J. Roy Orr, Asst. Atty. Gen.,
for the State.

BESSEY, J.   Plaintiff in error, R. L. Davis, was, on
the 18th day of August, 1922, in the county court of Car-
ter county, found guilty of the illegal sale of intoxicating
liquor, and by verdict of a jury his punishment was fixed
at confinement in the county jail for a period of three
months and to pay a fine of $100.

The information in this case was carelessly drawn, being
as follows:

"Now comes J. E. Bristow, the duly qualified and act-
ing county attorney in and for Carter county, state of Ok-
lahoma, and gives the judge of the county court of Carter
county, state of Oklahoma, to know and be informed that
R. L. Davis and M. W. Wise did, in Carter county and in
the state of Oklahoma, on or about the 1st day of May, in
the year of our Lord one thousand nine hundred and twen-
ty-two, and before the presentment hereof, commit the
crime of selling intoxicating liquor in the manner and form
as follows, to-wit: That they, the said R. L. Davis and M.
W. Wise, in the county and state aforesaid, and on the date

aforesaid, did unlawfully and willfully, with the intention of bartering, selling, and giving away, have in their possession intoxicating liquor, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state.

"J. E. Bristow, County Attorney."

Before the trial no demurrer was filed or other objection made to this information. Upon the information as it appears above, the defendant was put upon trial, at the close of which the jury rendered the following verdict:

"We, the jury duly impaneled and sworn in the above-entitled cause, do upon our oaths find the defendant, R. L. Davis, guilty in the manner and form as charged in the information, and fix his punishment at a fine of $100 and costs, and imprisonment in the county jail for a period of three months."

The record discloses that the defendant was probably guilty of selling intoxicating liquor; all the evidence introduced tended to prove sale, and all the instructions of the court were predicated upon that theory.

It has been held by this court that the introductory paragraph of an information is merely a descriptive label, outline of the vital charging part that follows. Vickers v. U. S., 1 Okla. Cr. 452, 98 Pac. 467. The introductory paragraph in this information concludes thus: "Did commit the crime of selling intoxicating liquor in the manner and form as follows, to wit," followed by the charging part, in which the defendant was alleged to have had in his possession intoxicating liquors.

The court, in pronouncing judgment upon the verdict, adjudged the defendant guilty of having sold intoxicating liquor. It is apparent therefore that the judgment is not responsive to, and is at variance with, the allegations of

the information which charged the defendant with illegal possession. It is an elementary principle of law that one cannot be charged with one offense and convicted of a different offense, unless it be one that is necessarily included in the offense charged. Vickers v. U. S., supra; Kelly v. State, 12 Okla. Cr. 208, 153 Pac. 1094; Polk v. State, 15 Okla. Cr. 324, 176 Pac. 538; Cochran v. State, 4 Okla. Cr. 379, 111 Pac. 974; Smith v. State, 7 Okla. Cr. 4, 120 Pac. 1031.

At the close of the testimony the defendant made a motion for an instructed verdict, on the ground that the proof did not sustain the allegations, which motion was by the court overruled. This was error, because all the proof indicated that the defendant, if guilty of any offense, was guilty of the offense of selling intoxicating liquor, whereas the allegations charged illegal possession, a fatal variance. This variance between the allegations and the proof was again urged in defendant's motion for a new trial, which was likewise by the court overruled.

The defendant, in his brief, urges a number of other reasons why this cause should be reversed, but these need not be analyzed for the reason that the error just treated must operate as a reversal of the judgment below.

The judgment of the trial court is reversed, and the cause remanded.

MATSON, P. J. and DOYLE, J., concur.