Charles Curtis HARRIS, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12214.

Criminal Court of Appeals of Oklahoma.
Nov. 30, 1955.

 

Murphy & Booth, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, Presiding Judge.

The defendant, Charles Curtis Harris, was charged by an information filed in the District Court of Oklahoma County with the crime of burglary in the first degree, was tried, convicted and pursuant to the verdict of the jury was sentenced to serve the minimum punishment of 7 years in the penitentiary and has appealed.

The single proposition presented by the appeal is whether the trial court erred in refusing the defendant's request that the issue of burglary in the second degree be submitted to the jury. This request was in the form of an oral motion dictated into the record by counsel for accused which request was denied.

The circumstantial evidence was amply sufficient to sustain the conviction. A short statement of the evidence is necessary in order to determine whether the requested instruction was within the issues raised by the evidence. Officers apprehended defendant close to the scene of the crime as he had fled from the residence of Mr. and Mrs. Kenneth Lowe which was where the alleged burglary occurred. According to the proof of the State the defendant parked his automobile near the Lowe residence and removed his shoes. About 11:00 P.M. Mr. and Mrs. Lowe and a roomer, Mr. Arnot, who lived with them, were in the Lowe dwelling house. They heard a noise which sounded like some lumber breaking. Mr. Lowe grabbed a flashlight and ran around the house and just off the back porch he found a suit of clothes belonging to Mr. Arnot. The back porch was boarded up but some of the boards had been broken to make a hole large enough for a person to make an entry or exit. A screen had been unlatched and the suit had been taken from a clothes closet in the room in which Arnot slept.

The next door neighbor to the Lowes had seen a man peeking in the window just before the burglary occurred and had called the police. Two of the police arrived and as the approached the Lowe house they saw a Negro run from the northeast corner down the walkway going south. They pursued him and caught him a few moments later in a garage about four houses east of the Lowe residence. It was defendant. They took the defendant back to his automobile where he replaced his shoes and later at the police station defendant admitted he had entered the Lowe residence and attempted to steal the suit of clothes but dropped it when he thought he was about to be apprehended.

At the trial defendant denied any connection with the alleged burglary but stated that he had driven in his automobile with one Sylvester Davis to the place where his car was parked near the Lowe residence. That the car had gone dead on them and they were unable to start it by pushing it. That he removed his shoes because it was in August and the weather was hot. That Davis left him to get a man to push them and while he was gone the policemen came and as the policemen started coming up the street with a flashlight he heard them shoot a couple of times which scared him and he jumped out of his car and started running. That he saw an open garage and hid in there but the police came by and saw him and arrested him.

The accused was a 19 year old youth who had been convicted once for grand larceny.

It is the contention of counsel for the accused that the crime of burglary in the second degree is necessarily included in an information charging the crime of burglary in the first degree and that it was error for the court to refuse to submit the lesser degree of burglary to the jury for their determination as to which degree of the crime of burglary they found the defendant guilty provided they returned a verdict of guilty. It is provided by statute:

"Whenever a crime is distinguished into degrees, the jury, if they convict

the defendant, must find the degree of the crime of which he is guilty." 22 O.S.1951 § 915.

"The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense." 22 O.S.1951 § 916.

In construing these statutes this court has held that where the evidence raises an issue of fact as to different degrees of a crime, or of an included offense, all of the issues so raised should be submitted to the jury by proper instruction. Watkins v. State, 25 Okl.Cr. 10, 218 P. 895. In the instant case there was no issue raised that the crime allegedly committed by the accused was anything other than burglary in the first degree. Burglary in the first degree is defined:

"Every person who breaks into and enters in the nighttime the dwelling house of another, in which there is at the time some human being, with intent to commit some crime therein, either: ·

"1. By forcibly bursting or breaking the wall, or an outer door, window, or shutter of a window of such house or the lock or bolts of such door, or the fastening of such window or shutter; * * * is guilty of burglary in the first degree." 21 O.S.1951 § 1431.

An unlawful breaking and entry was made into the dwelling house of Kenneth Lowe. At the time of the entry there were three human beings in the house. The intent to commit a crime is shown by the admissions of the accused and by the finding of the suit of clothes near the back porch. The commission by someone of the crime of burglary in the first degree was positively established by the proof of the State. There was no effort made on behalf of the accused to show that the crime was only burglary in the second degree as his defense was an alibi.

■ This brings us to the consideration of the question as to whether burglary in the second degree is necessarily included in a charge of burglary in the first degree.

Burglary in the second degree is defined:

"Every person who breaks and enters any building· or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection in which any property is kept, with intent to steal therein or to commit any felony, is guilty of burglary in the second degree." 21 O.S.1951 § 1435.

We can see from this definition of burglary in the second degree that such crime is not necessarily included in the crime of burglary in the first degree. We mean by that that there are instances where the crime of burglary in the first degree could be committed under circumstances which would not also include the elements of burglary in the second degree, as for instance if a person broke into and entered in the nighttime the dwelling house of another in which there was at the time some human being with intent to commit assault and battery or some other misdemeanor other than petit larceny therein, he would be guilty of burglary in the first degree, but not of burglary in the second degree.

■ The instructions of the court should be given with reference to all of the evidence including that of the State and the defendant and where the evidence tends to prove the commission of an offense included in the offense charged in the information, it is the duty of the trial court to instruct the jury of their right to convict of a lesser offense. Kilpatrick v. State, 71 Okl.Cr. 129, 109 P.2d 516; Ex parte Wills, 12 Okl.Cr. 596, 148 P. 1069.

Counsel for the State cite the case of State v. Ratliff, 199 N.C. 9, 153 S.E. 605, which appears to be in point with the question here presented. Without quoting at length from the opinion it is sufficient to quote paragraph three of the syllabus which summarizes the law set forth in the opinion as follows:

"Instruction authorizing conviction of burglary in second degree would be erroneous under evidence showing dwelling house was actually occupied at time."

In the instant case we cannot conclude that the court erred in refusing to instruct on the issue of burglary in the second degree as there was a total absence of any evidence in the record which would have raised such issue or which would have justified the jury in returning a verdict of guilty of burglary in the second degree.

Affirmed.

BRETT and POWELL, JJ., concur.