**Johnny Clifton DAWSON, Sr., Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–80–700.**

Court of Criminal Appeals of Oklahoma.

June 18, 1982.

---

Robert T. Keel, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Chief, Appellate Crim. Div., Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

CORNISH, Judge:

Johnny Clifton Dawson, Sr., was charged and convicted of Murder in the Second Degree in the District Court of Oklahoma County and sentenced to ten (10) years' imprisonment.

Evidence presented at trial showed that the appellant and the deceased were intoxicated as a result of drinking substantial amounts of beer and whiskey over an extended period of time. During the evening the appellant found a pistol which he tested to see if it would fire. The gun supposedly misfired several times before discharging. The appellant testified that the deceased then either bumped his arm or he accidentally hit the trigger causing the gun to fire and kill him. When originally questioned by the police, the appellant admitted attempting to fire the gun at the floor without it discharging. He said he then pointed the gun at the deceased and stated, "This thing wouldn't kill nothing or nobody." The appellant then pulled the trigger causing the death of the deceased.

The disposition of this appeal turns on the issue of whether the trial court erred in failing to instruct on the lesser included offense of manslaughter in the first degree.

The jury was instructed on the crimes of murder in the second degree and manslaughter in the second degree. Defense counsel neither submitted instructions nor objected to those given.

In determining such issues, this Court has previously articulated and applied the following rule:

> In a prosecution for murder, the court should instruct the jury on the law of each degree of homicide which the evidence tends to prove whether it be requested on the part of the defendant or not; and it is the duty of the court to decide, as a matter of law, whether there is any evidence that would tend to reduce the degree of the offense to manslaughter in the first degree.

> In determining whether there is any evidence tending to reduce the degree of the homicide from murder to manslaughter, the trial court should give the defendant the benefit of any doubt which the evidence may suggest, and instruct the jury on the law of each degree which the evidence tends to prove, whether requested or not.

*Provo v. State,* 549 P.2d 354 (Okl.Cr.1976), appeal after remand, 565 P.2d 719, *cert. denied* 434 U.S. 1071, 98 S.Ct. 1255, 55 L.Ed.2d 774 (1978).

The State correctly submits that under the evidence in this case a first-degree manslaughter heat of passion instruction was not warranted. There was no evidence of argument or affray, and the appellant presented the defense of accident. However, in addition to the heat of passion provision, 21 O.S.1971, § 711, provides that a homicide is manslaughter in the first degree "[w]hen perpetrated without a design to effect death by a person while engaged in the commission of a misdemeanor." That the appellant interposed the defense of accident would not preclude an instruction on misdemeanor-manslaughter, for a defendant can be guilty of accidental homicide during the commission of a misdemeanor and thereby be accountable for manslaughter in the first degree. See *Reynolds v. State,* 617 P.2d 1357 (Okl.Cr.1979).

Where there is any evidence tending to establish that a defendant was engaged in a misdemeanor at the time of the homicide, and that he lacked a design to effect death, the trial court must instruct on manslaughter in the first degree. The conduct described in the information [1] and the evidence presented at trial could have reasonably been viewed as tending to prove that the homicide occurred while the appellant was engaged in the commission of a misdemeanor. Therefore, giving the appellant the benefit of the doubt and in view of his theory of defense, we are of the opinion that the trial court, as a matter of law, should have instructed on the law of first degree manslaughter under ¶ 1 of 21 O.S. § 711, supra. The evidence supported, and the trial court could have instructed on either or all of the predicate misdemeanors of: Pointing a Weapon at Another, 21 O.S. 1971, § 1279; Reckless Conduct with a Firearm, 21 O.S.1971, § 1289.11; and/or Carrying or Using Firearms while under the Influence of Intoxicating Liquors, 21 O.S.1971, § 1289.9.

The judgment and sentence is therefore REVERSED and REMANDED for a new trial consistent with this opinion.

BRETT, P. J., concurs.

BUSSEY, J., dissents.

1. The information charged that "[o]n or about the 5th day of January, 1980, A.D., the crime of Murder in the Second Degree was feloniously committed in Oklahoma County, Oklahoma by Johnny Clifton Dawson Sr. who while pointing and firing a .25 caliber Titan automatic in a manner imminently dangerous to another person, evincing a depraved mind, and regardless of human life killed Barney Lee Fixico by shooting him with that weapon inflicting mortal wounds which caused his death on the 5th day of January, 1980, contrary to the provisions of section 701.8 of Title 21 of the Oklahoma Statutes, and against the peace and dignity of the State of Oklahoma.