**Robert TREVINO, and Daniel Vizcaino, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**Nos. F–84–832, F–84–833.**

Court of Criminal Appeals of Oklahoma.

May 12, 1987.

Thomas G. Smith, Jr., Sp. Counsel, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellants, Robert Trevino (F-84-833) and Daniel Vizcaino (F-84-832), were convicted in the District Court of Texas County, Case No. CRF-83-193 of Second Degree Robbery, and each was sentenced to three years' imprisonment. They appeal raising four assignments of error.

On November 10, 1983, about 6:00 p.m., the appellants appeared at the trailer home of Dennis Franks, who was acquainted with Robert Trevino. Trevino asked for Franks' old roommate who Trevino claimed owed him money. The appellants left after Franks explained that the roommate no longer lived there and he did not know where he was. About thirty minutes later, they came back again demanding to know where the roommate was. After attacking Franks, he told them he would get the money for them. Franks was taken to an automatic teller where he withdrew eighty dollars and gave it to Trevino.

As their first assignment of error, the appellants contend that the evidence was insufficient to support the verdict. They claim that Mr. Franks volunteered to give them the eighty dollars, and therefore they could not be convicted of robbery by force. We disagree. The test for sufficiency of the evidence is stated in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) where the Supreme Court of the United States held that due process requires a reviewing court to determine "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt." The jury found the appellants guilty of robbery in the second degree. The issue is whether the money was taken from Mr. Franks with his consent, or whether it was taken through fear. The record is clear that the appellants came to Mr. Franks' home to collect an alleged eighty dollar debt owed to Trevino by Franks' former roommate, Kenny Douglas. After being told that Douglas did not live there anymore the appellants left but came back shortly thereafter demanding to know where Douglas was. Trevino told Franks that he was out eighty dollars and wanted to get it. Trevino then slapped, jumped on him and kicked him several times in the face while Vizcaino held Franks' arms behind his back. Next, Trevino held scissors to Franks' throat, again demanding to know Douglas' whereabouts. At that time Franks told them that he would go to the automatic teller and get them the eighty dollars. The appellants walked Franks out to their car still holding the scissors to his side. While in the car Trevino held Franks

by his hair, and when Trevino said something about the money owed to him, Franks replied that he did not owe Trevino any money. Trevino then struck Franks in the nose. After arriving at the automatic teller which was inside a bank lobby, the appellants accompanied Franks inside. As soon as Franks received the money, he gave it to Trevino. The jury was given Instruction No. 5 which reads in pertinent part:

> No person may be convicted of Robbery in the Second Degree unless the State has proved beyond a reasonable doubt each element of the crime. These elements are: *FIRST*, Wrongful; *SECOND*, Taking, *THIRD*, Carrying away; *FOURTH*, Personal property, *FIFTH*, Of another; *SIXTH*, From the immediate presence of another; *SEVENTH*, By fear.

The record clearly supports the fact that Franks turned over his personal property for an alleged debt which he did not owe, out of fear that he would be killed if he did not. (Tr. 120–121). This assignment of error is meritless.

■ In their second assignment of error the appellants complain that the trial court failed to give an instruction on the appellants' theory of defense. They admit that no specific instruction was requested, but state that a defendant has a fundamental right to an instruction on his theory of defense. The appellants allege under their theory of defense that there was no "taking" against the will of the owner. The obvious answer is that "taking" is one of the elements of the crime of robbery. The elements of the crime were part of the instructions. (O.R.23, 24). The court further instructed that Trevino and Vizcaino had pled not guilty, which required the State to prove each element beyond a reasonable doubt, and that the defendants were presumed innocent. These instructions are sufficient, and there is no merit in this assignment of error.

■ The appellants urge as their third assignment of error that the trial court refused to give their requested instruction on assault and battery with a dangerous weapon. We have previously held that assault and battery are not necessarily included offenses of robbery. *Luckey v. State*, 529 P.2d 994 (Okl.Cr.1974). Where a crime contains elements not found within the offense charged, that crime cannot be characterized as a lesser included offense. *Jennings v. State*, 643 P.2d 643 (Ok.Cr. 1982). Assault and battery with a dangerous weapon requires the use of a dangerous weapon as one of the elements of the offense. *See* 21 O.S.Supp.1985, § 645. Robbery does not require the use of a dangerous weapon, but may be accomplished by any degree of force, or by threats. *See Cannon v. State*, 71 Okl.Cr. 42, 107 P.2d 809 (1940), and *Application of Massie*, 283 P.2d 573 (Okl.Cr.1955). This assignment of error is meritless.

■ In their final assignment of error the appellants argue that the trial judge improperly refused to answer the questions of the jury and tell them that they had no power to suspend sentences, or that their recommendations would have no weight. During their deliberations the jury was returned to open court at their request with questions including ones concerning probation, suspended sentences, and whether they could assign the terms of the probation or if they did, whether the judge would go by their recommendation. The judge answered that the instructions defined their duties and choices, and in response to their question about the judge following their recommendation, he answered that it was their duty to determine guilt or innocence and assess punishment. After the jury returned with verdicts against the appellants which recommended suspended sentences and attempted to set terms of probation, the judge told them that the court was not bound to accept any part of the probation, supervision, or restitution that they recommended. The judge could have accepted the verdicts and treated the recommendations as surplusage, but in an overabundance of caution, he then sent the jury back for deliberations in light of this instruction. The jury returned again with the guilty verdicts apparently unchanged. (O.R. 40, 41). Having reviewed the record,

we find that the trial judge acted properly in answering the jury's questions as he did, and in returning the jury for further deliberations after they returned the verdict. Furthermore, the record does not reveal that any objections were made to the judge's responses. Finding no error requiring modification or reversal, this assignment of error is meritless.

The judgments and sentences are AFFIRMED.