**Ronnie Lee FLOYD, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–89–0005.

Court of Criminal Appeals of Oklahoma.

April 1, 1992.

Lisbeth L. McCarty, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Sandra D. Howard, Asst. Atty. Gen., Frank R. Sewell, Legal Intern, Oklahoma City, for appellee.

## OPINION

LANE, Presiding Judge:

Ronnie Lee Floyd, Appellant, was tried by jury and convicted of the crime of Possession of a Firearm After Former Conviction of a Felony (21 O.S.1981, § 1283) in Oklahoma County District Court, Case No. CRF–88–1639. The jury set punishment at five (5) years imprisonment, and the trial court sentenced accordingly. In this perfected appeal the appellant challenges three alleged trial errors: the denial by the trial court of his Motion to Suppress the gun which he argues was the fruit of an illegal arrest, an evidentiary harpoon, and incorrect jury instructions. We find error in the jury instructions, but find the error harmless for it enured to the appellant's benefit. We affirm the judgment and sentence.

In the early evening of March 18, 1988, the appellant and a friend, Wesley Howard, drove a flatbed truck to the corner of Robinson and 41st Street in Oklahoma City. This is a mixed commercial and residential neighborhood with businesses on the corner. The appellant parked in front of the first residence from the corner and walked over to a tire store which was on the corner. While he was in the tire store, Oklahoma City Patrol Officer Phil Davis drove by. As Officer Davis made eye contact with Howard, Howard slouched down in the seat and covered his face with his hand. Officer Davis drove up the street and turned around. As he again approached the parked truck, he saw the appellant walking quickly toward the vehicle. He called to the appellant to stop, but instead of stopping, the appellant quickened his pace. When the appellant was stopped he reached toward his belt buckle. A pat down search revealed a loaded .25 caliber semi-automatic pistol tucked behind his buckle inside his pants.

Appellant filed a Motion to Suppress the gun which he claimed was the fruit of an illegal arrest. The trial court overruled the Motion finding the officer had a reasonable, articulated suspicion for the stop. The trial court created a thorough record noting the officer recognized the passenger in the truck who tried to hide from him, he saw the appellant walking quickly to the pickup and the appellant refused to stop when the officer told him to.

■ The appellant argues that since it was Howard's suspicious activity, and not his own which led to the stop, the officer had no authority to stop him. This argument is not persuasive, for an officer may use *all* the circumstances at a given moment as well as his experience to form a reasonable suspicion that a suspect is engaged in or is about to be engaged in criminal activity to justify a temporary detention. *See Moody v. State,* 738 P.2d 942 (Okl.Cr.1987); *Bush v. State,* 734 P.2d 319 (Okl.Cr.1987). Officer Davis testified that after he saw Howard's suspicious activity of trying to hide from him and saw the appellant approaching the truck, he decided to keep the appellant from reaching the truck until he had investigated. He was then concerned for his safety when the appellant stopped and reached for his waistband. We agree with the trial court that these facts constitute a reasonable, articulable reason for the investigatory stop, and that the Motion to Suppress should be denied. *See Terry v. Ohio* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

At trial during cross-examination defense counsel asked Officer Davis whether the defendant had broken into any houses on March 18th. Davis replied, "That day that I know of, no sir. The night before I had received information ..." At this point the State objected and the trial judge reminded the officer that the question pertained to March 18th. Appellant argues on appeal this statement is an evidentiary harpoon.

■ This statement certainly bears several characteristics of an evidentiary harpoon. It was made by an experienced police officer, it was voluntary, it was not inadvertent, and it was calculated to prejudice the defendant. *See Pierce v. State,* 786 P.2d 1255, 1260 (Okl.Cr.1990). However, the State stopped Officer Davis from hurling this harpoon. The officer was unable to inject information regarding other crimes, and therefore the rights of the defendant were not prejudiced. Absent these two additional factors, the would be harpoon was never fully formed and did not harm the defendant. *See Id.* It therefore is not cause for reversal.

■ The Information charged the appellant under 21 O.S.1981, § 1283 with carrying a firearm, and it recited facts to allege the firearm was loaded. For the first time on appeal he argues he was unlawfully charged with carrying a "loaded" firearm. This surplusage, which was substantiated by testimony, does not change the crime which the Information plainly and correctly charged.

■ The trial court instructed the jury that one of the elements of the crime charged was that the firearm was loaded. This is error, for feloniously carrying a firearm does not require the firearm to be loaded. *See* 21 O.S.1981, § 1283. The trial

court instructed the jury on the proper range of punishment. The appellant did not object in a timely way to the jury instructions, but now for the first time on appeal argues the incorrect instruction warrants reversal and remand for new trial. Failure to object to proposed instructions and submit proposed instructions to the Court waives this error on appeal, unless the result is a miscarriage of justice. *See Ashinsky v. State,* 780 P.2d 201 (Okl. Cr.1989); *Price v. State,* 782 P.2d 143 (Okl. Cr.1989).

This error did not lessen the State's burden of proof, but increased the State's burden by adding another element to be proved. This error, which actually benefited the defendant did not result in a miscarriage of justice, and does not warrant reversal on appeal.

In his final argument the appellant challenges an instruction in which the trial judge appeared to instruct on what he believed was the lesser included offense, the misdemeanor of carrying a loaded firearm. Appellant did not object to this instruction at trial, but argues for the first time on appeal this instruction confused the jury. As we stated above, the failure to object waives all but fundamental error. *Id.* We see no merit in this claim. The trial court should not have instructed the jury in this manner, for the crime of misdemeanor possession requires proof the firearm was loaded while felonious possession of a firearm does not. The misdemeanor therefore is not a lesser included offense of the felony. Nevertheless, the instruction did not result in a miscarriage of justice, for this option given to the jury also enured to the benefit of the appellant, though the jury ultimately rejected it.

Finding no error which warrants reversal or modification, we AFFIRM the judgment and sentence.

BRETT, PARKS and JOHNSON, JJ., concur.

LUMPKIN, V.P.J., concurs in result.