1999 OK CR 41

**Nicky Lee SHRUM, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–98–497.

Court of Criminal Appeals of Oklahoma.

Oct. 27, 1999.

Jeff Belote, Attorney at Law, McAlester, OK, for Appellant at trial.

Farley Ward, Mike Dunagan, Assistant District Attorneys, Wilburton, OK, for the State at trial.

Allen Smith, Appellate Defense Counsel, Norman, OK, for Appellant on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, William R. Holmes, Assistant Attorney General, Oklahoma City, OK, for Appellee on appeal.

## OPINION

STRUBHAR, Presiding Judge:

¶1 Nicky Lee Shrum, hereinafter Appellant, was convicted of one count of First Degree (Heat of Passion) Manslaughter (21 O.S.1991, § 711(2)), following a jury trial in the District Court of Latimer County, Case No. CF–97–42, the Honorable Janice K. Skimbo, Associate District Judge, presiding. The jury recommended twenty-five (25) years imprisonment and the trial court sentenced accordingly. From this judgment and sentence, Appellant appeals. We affirm.

¶2 On July 31, 1997, Appellant shot and killed his stepfather, Cleo Campbell, at their home in Latimer County, Oklahoma following a heated argument. The issue at trial was whether Appellant shot Campbell with malice aforethought, in a heat of passion or in self-defense.

¶3 In his first proposition of error, Appellant claims this Court should reverse his first degree heat of passion manslaughter conviction with instructions to dismiss because first degree heat of passion manslaughter is not a lesser included offense of first degree malice murder, the crime with which he was charged. Specifically, Appellant argues: 1) heat of passion manslaughter is not a "necessarily included offense" of premeditated murder; 2) a jury must acquit when the evidence supports a charge not alleged in the Information; 3) the trial court had no jurisdiction to instruct on a crime not included in the charged crime; and 4) Appellant's conviction for first degree heat of passion manslaughter denied him due process. At trial, the State requested both second degree depraved mind murder and first degree heat of passion manslaughter instructions. The trial court gave only the manslaughter in-

struction without any objection by defense counsel.

¶ 4 Appellant relies on *Willingham v. State*, 1997 OK CR 62, ¶ 19, 947 P.2d 1074, *cert. denied*, 524 U.S. 930, 118 S.Ct. 2329, 141 L.Ed.2d 702 (1998) in which this Court reaffirmed that "an offense is a lesser included one only where the greater offense cannot be committed without necessarily committing the lesser." *Id.* at 1080 (quoting *State v. Uriarite*, 1991 OK CR 80, ¶ 8, 815 P.2d 193, 195). Although *Willingham* held that second degree depraved mind murder was not a lesser included offense of first degree malice murder, *Willingham* did not address whether first degree heat of passion manslaughter constitutes a lesser included offense of first degree malice murder, and seemingly left that question unresolved.

 ¶ 5 Oklahoma has codified its lesser included offense doctrine [1] at 22 O.S.1991, § 916 which provides:

The jury may find the defendant guilty of any offense, the commission of which is *necessarily included* in that with which he

is charged, or of an attempt to commit the offense.

(emphasis added).

 ¶ 6 This Court has traditionally held that the trial court instructing the jury on all possible verdicts, especially in homicide cases, must include all lesser included offenses supported by the evidence.[2] Clearly first degree malice murder, second degree depraved mind murder and manslaughter are related offenses.[3] The question is whether the lesser offenses are necessarily included in the greater offense since a jury may convict a defendant of those offenses necessarily included in the greater crime. 22 O.S.1991, § 916. The principal impediment to administering instructions on related, but not necessarily included, offenses is the defendant's due process right to notice of the charges against which he must defend. *See Parker v. State*, 1996 OK CR 19, ¶ 18, 917 P.2d 980, 985, *cert. denied*, 519 U.S. 1096, 117 S.Ct. 777, 136 L.Ed.2d 721 (1997). A defendant is deemed to know that he may be convicted of the greater crime with which he is charged and any lesser included offense whether the

---

1. The lesser included offense doctrine "provides that a criminal defendant may be convicted at trial of any crime supported by the evidence which is less than, but included within, the offense charged by the prosecution." James A. Shellenberger and James A. Strazzella, *The Lesser Included Offense Doctrine and the Constitution: The Development of Due Process and Double Jeopardy Remedies*, 79 Marq.L.Rev. 1, 6 (1995). "While the doctrine originally developed as an aid to the prosecution when there was insufficient evidence to convict on the charged offense, today it is more often used by defendants seeking a conviction for an offense less serious than that actually charged." (footnotes omitted) Christen R. Blair, *Lesser Included Offenses in Oklahoma*, 38 Okla.L.Rev. 697, 697 (1985).

2. *E.g., Le v. State*, 1997 OK CR 55, ¶ 19, 947 P.2d 535, 546, *cert. denied*, 524 U.S. 930, 118 S.Ct. 2329, 141 L.Ed.2d 702 (1998) ("[i]n a murder case, the trial court must instruct the jury on every lesser included homicide offense supported by the evidence."); *Clayton v. State*, 1995 OK CR 3, ¶ 12, 892 P.2d 646, 653, *cert. denied*, 516 U.S. 846, 116 S.Ct. 137, 133 L.Ed.2d 84 (1995) ("[t]his Court has held a trial court is required to instruct on lesser degrees of homicide only when warranted by the evidence."); *Malone v. State*, 1994 OK CR 43, ¶ 8, 876 P.2d 707, 711 ("[i]t is beyond dispute that the trial court must instruct the jury on every degree of homicide where the

evidence would permit the jury rationally to find the accused guilty of the lesser offense and acquit him of the greater."); *Rowland v. State*, 1991 OK CR 94, ¶ 10, 817 P.2d 263, 266 ("it is the duty of the trial court to determine as a matter of law whether the evidence is sufficient to justify the submission of instructions on a lesser included offense, and if there is doubt, the court should submit the matter to the jury."); *Walton v. State*, 1987 OK CR 227, ¶ 6, 744 P.2d 977, 978 (the trial court has a duty to instruct upon lesser-included offenses supported by the evidence in homicide cases even though the instruction is not requested); *Hall v. State*, 1985 OK CR 38, ¶ 29, 698 P.2d 33, 39; *Dawson v. State*, 1982 OK CR 94, ¶ 4, 647 P.2d 447, 449 ("the court should instruct the jury on the law of each degree of homicide which the evidence tends to prove whether it be requested on the part of the defendant or not, and it is the duty of the court to decide, as a matter of law, whether there is any evidence that would tend to reduce the degree of the offense to manslaughter in the first degree").

3. Lesser related offenses are those which are "inherently related" to the greater offense because they fall within the same category of crime and are designed to protect the same interest, but "it is theoretically possible to commit the greater offense without committing the lesser." Edward G. Mascolo, *Procedural Due Process and the Lesser-Included Offense Doctrine*, 50 Alb.L.Rev. 263, 301 (1986).

lesser included offense is pled in the Information or not. This constitutional notice conundrum does not arise when a defendant defends on a theory that he lacked the necessary intent element of the greater offense and requests a related lesser offense instruction because such a defendant cannot claim lack of notice.

¶ 7 Whether any particular offense is "necessarily included" in another depends upon which lesser included offense test or approach is utilized and whether the trial evidence warrants instruction. This two part analysis first requires courts to make a "legal determination about whether a crime constitutes [a lesser included offense] of the charged crime or whether it is legally possible for the charged crime to include [a lesser included offense]." James A. Shellenberger and James A. Strazzella, *The Lesser Included Offense Doctrine and the Constitution: The Development of Due Process and Double Jeopardy Remedies* 79 Marq.L.Rev. 1, 6 (1995). Courts use several different tests or approaches to make this legal conclusion and this Court has employed all of the different tests in the past. Christen R. Blair, *Lesser Included Offenses in Oklahoma*, 38 Okla. L.Rev. 697, 702–03 (1985). This Court initially applied a strict statutory elements approach which required all of the elements of the lesser included offense to be contained in the greater offense so that it would be impossible to commit the greater offense without also committing the lesser.[4] *Id.* at 703. This test is the most inflexible and results in few offenses having lesser included ones because it requires under all possible circumstances that the commission of the greater crime will also entail commission of the lesser offense.[5] *Id.* at 699. It is, however, the easiest to apply.

¶ 8 The Court has also found lesser offenses are necessarily included where the lesser and the greater offense are in the same class of offenses and are closely or inherently related, but the elements do not satisfy the strict statutory elements test. These approaches fall into three sub-categories: the pleadings approach, the evidence approach and a hybrid of the pleadings and evidence approach. In the pleading test, the Court looked not only at the strict elements of the offenses, but looked to the facts alleged in the indictment/information to determine if a lesser included offense of the great-

**4.** *See, e.g., Willingham*, 1997 OK CR 62, ¶ 27, 947 P.2d at 1081 (holding second degree depraved mind murder is not a lesser included offense of first degree malice murder because there are situations in which "first degree malice murder can occur without the use of imminently dangerous conduct."); *Floyd v. State*, 1992 OK CR 22, ¶ 10, 829 P.2d 981, 984 (when the lesser offense requires proof of an element the greater does not, then it is not a lesser included offense); *State v. Uriarite*, 1991 OK CR 80, ¶ 8, 815 P.2d 193, 195 ("an offense is a lesser included one only where the greater offense cannot be committed without necessarily committing the lesser."); *Hale v. State*, 1988 OK CR 24, ¶ 18, 750 P.2d 130, 136, *cert. denied*, 488 U.S. 878, 109 S.Ct. 195, 102 L.Ed.2d 164 (1988) (extortion requires proof of an element that kidnapping for extortion does not, so it is not a lesser included offense of kidnapping for extortion, but lesser included offense instructions on manslaughter and second degree murder should be given only if warranted by the evidence in first degree murder case.); *Trevino v. State*, 1987 OK CR 89, ¶ 5, 737 P.2d 575, 577 (when the lesser crime contains elements not found in the charged crime, it is not a lesser included offense); *Harris v. State*, 1955 OK CR 133, ¶ 8, 291 P.2d 372, 374 (if there are situations in which the greater offense can be committed without committing the lesser, it is

not a lesser included offense. Also found no evidence to support a burglary in the second degree instruction); *Thoreson v. State*, 69 Okl.Cr. 128, 100 P.2d 896, 902 (1940) (same); and *Cochran v. State*, 4 Okl.Cr. 379, 111 P. 974, 975 (1910) (same).

**5.** The elements of first degree malice murder are: 1) the death of a human; 2) the death was unlawful; 3) the death was caused by the defendant; and 4) the death was caused with malice aforethought. *See* 21 O.S.1991, § 701.7(A) *and* Instruction No. 4–61, OUJI–CR(2d). The elements of first degree heat of passion manslaughter are: 1) the death of a human; 2) the death was not excusable or justifiable; 3) inflicted by means of a dangerous weapon or in cruel or unusual manner; 4) caused by the defendant; and 5) when performing the conduct which caused the death, defendant was in a heat of passion. *See* 21 O.S.1991, § 711(2) *and* Instruction No. 4–96, OUJI–CR(2d). Under the strict statutory elements test first degree heat of passion manslaughter is not a lesser included offense of first degree malice murder because there are instances where the crime of first degree malice murder could be committed under circumstances which would not also include the elements of first degree heat of passion manslaughter.

er charged offense existed.[6] *Id.* at 700, 704–05. In such cases, the Information had to allege facts indicating the commission of some lesser offense because if the Information failed to adequately apprise the accused of the facts constituting the lesser offense, the Information was insufficient to charge and support a conviction of the lesser offense. *Id.* at 704–05.

¶ 9 This Court has also utilized an evidence approach in which the Court looked to the facts proved at trial.[7] *Id.* at 705–06. The evidence test considers not only the elements, but looks to the crimes the trial evidence tends to prove. This test has been used to support a lesser included offense instruction where the facts at trial indicate a lesser offense, but those facts were not alleged in the Information. *Id.* at 705. This Court seems to utilize this test when it holds that lesser included offense instructions are only warranted when supported by the evidence. *Id.* at 706. Although the pleadings and evidence tests are more liberal, they have been criticized for being too flexible, especially the evidence test because the existence of the lesser included offense depends upon the facts adduced at trial making its bounds difficult to ascertain. *Id.* at 701.

■ ¶ 10 This Court continues to be inconsistent in its approach to lesser included offenses. In 1997, the *Willingham* court re-

vived the strict statutory elements approach, *Willingham*, 1997 OK CR 62, ¶¶ 19, 27, 947 P.2d at 1080, while the *Riley* court utilized the hybrid pleading/evidence test. *Riley v. State*, 1997 OK CR 51, ¶ 15, 947 P.2d 530, 533–34 (holding lewd molestation is a lesser included offense of rape). We take this opportunity to formally adopt the test we intend to use in determining lesser included offenses to aid the trial courts and the parties in determining if instructions on lesser included offenses may or should be given. Our decision is prospective only and will be applied only to those cases now pending on appeal and in all future cases. Although each test has its advantages and disadvantages, we find the better approach is to use the evidence test to determine what constitutes a lesser included offense of any charged crime.[8] This means, in the instant case, that all lesser forms of homicide are necessarily included and instructions on lesser forms of homicide should be administered if they are supported by the evidence.

■ ¶ 11 In practice, if the trial court *sua sponte* proposes the lesser included offense instruction that is supported by the evidence and the defendant objects, the defendant shall have the right to affirmatively waive any lesser included offense instruction that the evidence supports and proceed on an "all or nothing approach." *O'Bryan v. State,*

---

6. *See, e.g., Riley v. State*, 1997 OK CR 51, ¶¶ 14–15, 947 P.2d 530, 533–34 (because all essential elements of lewd molestation were included in the rape charge, lewd molestation in this case was a lesser included offense of rape); *Morris v. State*, 1979 OK CR 136, ¶ 18, 603 P.2d 1157, 1160 (an insufficient information can support conviction for any lesser offense properly alleged even if it cannot support conviction for the crime charged); *Stokes v. State*, 86 Okl.Cr. 21, 189 P.2d 424, 428 (1948) (same), *overruled by Parker*, 1996 OK CR 19, ¶ 23 n. 4, 917 P.2d at 986 n. 4 (holding "[w]here the Information alleges an offense and pleads particular facts constituting the offense in ordinary language, such that a person of common understanding can know what is intended and prepare a defense to the charge, no due process violation occurs."); *Smith v. State*, 83 Okl.Cr. 209, 175 P.2d 348, 367 (1946) (information charging defendant with murder alleged sufficient facts to justify manslaughter instruction); *Kelly v. State*, 12 Okl.Cr. 208, 153 P. 1094, 1097 (1916).

7. *Darks v. State*, 1998 OK CR 15, ¶ 31, 954 P.2d 152, 161; *Johnson v. State*, 1995 OK CR 62, ¶ 46, 911 P.2d 918, 928, *cert. denied*, 519 U.S. 839, 117 S.Ct. 116, 136 L.Ed.2d 67 (1996); *Malone*, 1994 OK CR 43, ¶ 8, 876 P.2d at 712; *Penny v. State*, 1988 OK CR 280, ¶ 12, 765 P.2d 797, 800; *Barr v. State*, 1988 OK CR 256, ¶ 11, 763 P.2d 1184, 1187; *Hale*, 1988 OK CR 24, ¶ 19, 750 P.2d at 136; *Funkhouser v. State*, 1986 OK CR 98, ¶ 5, 721 P.2d 423, 424–25; *Lopez v. State*, 1986 OK CR 63, ¶ 9, 718 P.2d 369, 372; *Ross v. State*, 1986 OK CR 49, ¶ 14, 717 P.2d 117, 121, *aff'd*, Ross v. Oklahoma, 487 U.S. 81, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988); *Martin v. State*, 1983 OK CR 168, ¶¶ 10–14, 674 P.2d 37, 40, *cert. denied*, 465 U.S. 1081, 104 S.Ct. 1448, 79 L.Ed.2d 767 (1984); *Wilson v. State*, 1982 OK CR 118, ¶¶ 5–8, 649 P.2d 784, 786. These cases held a lesser included offense instruction should be given only when warranted by the evidence.

8. Based on our decision to adopt the evidence approach, *Willingham* is overruled insofar as it holds second degree murder is not a lesser included offense of first degree malice murder.

1994 OK CR 28, ¶ 11, 876 P.2d 688, 689–90. If the State requests the lesser included offense instruction and the defendant objects, the trial court should review the Information together with all material that was made available to the defendant at preliminary hearing and through discovery to determine whether the defendant received adequate notice that the State's case raised lesser related offenses that should be deemed included.[9] *See Parker*, 1996 OK CR 19, ¶ 24, 917 P.2d at 986. However, if the trial court proposes or the State requests the lesser included offense instruction and the defense does not object, we will presume the defendant desired the lesser included offense instruction as a benefit. Adopting this scheme in no way changes how trial courts have functioned; rather, this scheme should provide guidance in the decision making process and reconcile some of this Court's prior standards with respect to administering lesser included offense instructions.

 ¶ 12 We now turn to the issue presented in the instant case: whether first degree heat of passion manslaughter is a lesser included offense of first degree malice murder and whether the trial court erred in administering instructions on the lesser offense. Applying the standard set forth above, we will review the evidence to determine if the instruction was warranted by the evidence. In the instant case, there was uncontroverted evidence produced at trial that a heated argument, that included shots being fired and a physical altercation, preceded the shooting. Such evidence supported a heat of passion manslaughter instruction. During the instruction conference Appellant did not object, claim surprise or argue that he would have defended the case differently. Because this record shows Appellant disposed of the body and reluctantly told police of its location which arguably showed a consciousness of guilt, we presume Appellant did not object and desired the instruction to benefit him. Because Appellant failed to object and the evidence supported the instruction, we find the trial court

did not err in administering a heat of passion manslaughter instruction. Accordingly, this proposition of error is denied.

¶ 13 In his second proposition of error, Appellant claims the evidence was insufficient to prove he did not act in self-defense beyond a reasonable doubt. We have reviewed the record and find, although there is conflict in the evidence, the evidence was sufficient for a rational jury to conclude beyond a reasonable doubt that Appellant was not acting in self-defense. *Smith v. State*, 1996 OK CR 50, ¶ 23, 932 P.2d 521, 530, *cert. denied*, 521 U.S. 1124, 117 S.Ct. 2522, 138 L.Ed.2d 1023 (1997). Accordingly, the Judgment and Sentence of the trial court is AFFIRMED.

LUMPKIN, V.P.J., concurs in results.

JOHNSON, CHAPEL and LILE, JJ., concur.

LUMPKIN, Vice-Presiding: concurs in results.

¶ 1 I concur in the affirmance of the judgment and sentence in this case but write separately to address the issue of lesser included offenses. In this case, we review the issue only for plain error as Appellant failed to raise any objections to the heat of passion manslaughter instructions and waived his right to do so now. Finding no plain error, the remainder of the Court's discussion is only *dicta*.

¶ 2 First, I believe a foundational discussion is warranted as to preserving the rule of law and an appellate court's pivotal responsibility in doing so. *Stare decisis* is defined as "to abide by, or adhere to, decided cases." Black's Law Dictionary, page 1261, 5th Ed. (1979). This legal principle sets a very important cornerstone in legal jurisprudence. The law must provide a steady plumb line if the rule of law is to prevail. The ability of lawyers to competently advise clients and judges to objectively do justice depends on a

---

9. If a witness' testimony materially changes at trial which gives rise to evidence of a lesser offense of which the defendant did not have notice, the State's requested instruction should be declined. To avoid such problems, prosecutors may elect to charge the accused in the alternative pursuant to 22 O.S.1991, § 404.

certain consistency in the development of the law as dictated by *stare decisis.*

¶ 3 The right to a lesser included offense instruction in this case is granted by 22 O.S.1991, § 916. The Court should apply that language and not judicially amend it. However, this case presents a classic example of how imprecise writing in appellate opinions can later be the basis to disregard the plain language of a statutory rule and expand a legal concept beyond its legislative intent. Judge Lane, in his analysis in *Willingham v. State,* 947 P.2d 1074, 1079–83 (Okl. Cr.1997), utilized the correct legal methodology in determining Second Degree Murder is not a lesser included offense of First Degree Murder. It is an analysis which can withstand objective scrutiny and is consistent with established legal principles. I disagree with the abandonment of the objective criteria set out in *Willingham* for the subjective concept set out in *Shrum.*

¶ 4 Initially, the Court discusses the meaning of the term "necessarily included" as used in 22 O.S.1991, § 916. However, the Court has failed to read that term as simply another way of saying "lesser included", as this Court and other states have previously done. Applying that application of the term in the statute, section 916 would then be properly interpreted as stating "[t]he jury may find the defendant guilty of any offense, the commission of which is [a lesser] included in that with which he is charged, or of an attempt to commit the offense." Reading Section 916 in this manner is consistent with our prior case law; prior case law which has remained largely (albeit not entirely) consistent through the years. In finding our application of Section 916 so inconsistent, the Court reads entirely too much into the prior cases, taking discussions on the issue of lesser included offenses out of context and failing to take into consideration shortcuts in writing.

¶ 5 Based upon Section 916, this Court has held "[a] lesser included offense is a part of the greater offense and the establishment of the essential elements of the greater offense necessarily establishes all the elements required to prove the lesser included offense." *State v. Uriarite,* 815 P.2d 193, 195 (Okl.Cr.1991). "Stated another way, an offense is a lesser included one only where the greater offense cannot be committed without necessarily committing the lesser." *Id.* Although *Uriarite* is a relatively recent statement of law, prior case law has generally held that an offense is a lesser included one only where the greater offense cannot be committed without necessarily committing the lesser. Applying this statement of law to the oft raised issue of whether the trial court erred in failing to give a jury instruction on a lesser included offense, a two part analysis should be used. First, the Court must determine whether the requested instruction was for an offense that was a lesser included offense of the offense charged in the information. This determination is not case specific and can only be made by looking at the statutory elements of the offenses in question. Once the determination has been made that an alternate offense is a lesser included offense, then we look to the evidence in the particular case to determine if the evidence in that case warrants an instruction on that lesser included offense. This determination is case specific, depending on the facts and evidence of each individual case. However, opinions often use a shortcut in that analysis and only the evidence presented at trial is analyzed to determine the necessity for the instruction. In certain cases, such a method of analysis can sufficiently resolve the allegation of error raised by the Appellant. It is the same type of analysis that is often used in addressing ineffective assistance of counsel claims, i.e. if prejudice cannot be shown there is no requirement to determine if counsel's performance was deficient. *See Strickland v. Washington,* 466 U.S. 668, 697, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674 (1984) (where a claim of ineffectiveness of counsel can be disposed of on the grounds of lack of prejudice, that course should be followed.) However, such a shortcut in writing does not and should not mean a new test has been invoked to determine the issue of lesser included offenses.

¶ 6 Regardless of the shortcuts or difference in writing styles in prior opinions, the cases are all based on the underlying premise that the alternate charge must be a lesser

included offense of the primary charge and that determination is not based upon the particular facts of each separate case. The offenses that comprise lesser included offenses do not change from case to case. The only change is whether the evidence in each particular case is sufficient to warrant a jury instruction.

¶ 7 Additionally, the Court seeks to overturn *Willingham* as it relates to lesser included offenses. *Willingham* adopted the analysis contained in the Committee Comments to the OUJI–CR (2d) as to second degree murder. No explanation has been given for abandoning that line of reasoning, and I can find none. The Committee Comments and *Willingham* are correct statements of the law. The Tenth Circuit has even recognized *Willingham* as the law of this State. *See Bryson v. Ward*, 187 F.3d 1193 (10th Cir.1999). This opinion does not provide a sufficient reason for overturning *Willingham* and changing the course of the law in midstream.

¶ 8 I understand the issue of lesser included offenses is somewhat vexing to both trial and appellate judges. However, the discomfort of this type of legal challenge should not be allowed to be the catalyst to discard objective legal standards. It is for these reasons I must object to the Court's embarking on an adoption of a policy regarding lesser included offenses that I believe disregards the doctrine of *stare decisis* and the plain language of Section 916.