2002 OK CR 13

**Brent C. TAYLOR, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–2000–1469.**

Court of Criminal Appeals of Oklahoma.

March 26, 2002.

Rehearing Denied April 24, 2002.

Charles Holdstock, Oklahoma City, OK, Attorney for Defendant at trial.

Stephen Deutsch, Deena Tyler, Assistant District Attorneys, Oklahoma County District Attorney's Office, Oklahoma City, OK, Attorneys for the State at trial.

Charles Holdstock, Oklahoma City, OK, Attorney for Appellant on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, William R. Holmes, Assistant Attorney General, Oklahoma City, OK, Attorneys for Appellee on appeal.

## *SUMMARY OPINION*

CHAPEL, Judge.

¶ 1 Brent C. Taylor was tried by jury and convicted on Count I: Attempted First De-

gree Co–Joint Robbery, in violation of 21 O.S.1991, § 791, 21 O.S.Supp.1999, § 42(1); and on Counts II and III: First Degree Co–Joint Robbery, in violation of 21 O.S.1991, § 791, in the District Court of Oklahoma County, Case Number CF–99–6687. In accordance with the jury's recommendation, the Honorable Ray C. Elliot sentenced Taylor to ten (10) years imprisonment on each count with the sentences to run concurrently. Taylor has perfected this appeal.

¶ 2 Taylor raises the following propositions of error:

I. The trial court erred when it failed to give an instruction on the lesser-included offenses of second degree robbery or larceny.

II. The trial court improperly instructed the jury of the sentence to be imposed for first degree co-joint robbery.

III. Mr. Taylor was denied a fair trial because of the egregious conduct of the prosecutor.

IV. The trial court erred by failing to determine restitution with in a reasonable certainty, and by imposing restitution for alleged damages that were not resulting from the offense of the convictions.

V. The sentence imposed was excessive.

VI. Appellant's purported statement was improperly admitted into evidence because it is not clear that the police ceased their interrogation after Appellant invoked his right to counsel. It follows that the introduction of Appellant's statement violated his rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article II, §§ 7, 20, and 21 of the Oklahoma Constitution.

¶ 3 After thorough consideration of the entire record before us on appeal including the original record, transcripts, briefs and exhibits of the parties, we find that trial error warrants modification of Taylor's sentence with respect to each criminal count. We further remand the case for an evidentiary hearing at which the trial court may receive evidence on the appropriate amount of restitution.

¶ 4 We find in Proposition I that the trial court properly instructed the jury because the evidence did not support an instruction on the lesser-included offenses of second degree robbery or larceny.[1] In Proposition II, we find plain error in the trial court's failure to instruct the jury on the proper range of punishment.[2] We modify Taylor's sentences to reflect five (5) years imprisonment on each count.[3] Counts I and II shall run concurrently, and Count III shall run consecutive to Count II. In Proposition III, we find no misconduct in the prosecutor's comments during closing arguments because these comments were isolated events and did not deny Taylor a fair trial.[4] We find Proposition V is moot due to our resolution of Proposition II. In Proposition VI, we find that the trial court did not err in admitting Taylor's statements because sufficient evidence supports the trial court's *in camera* ruling that Taylor's statements were voluntary and admissible.[5]

¶ 5 We find in Proposition IV that the trial court erred in its determination of the restitution amount with respect to Dr. Carlin's claim of lost wages. Included in the restitution amount was a portion of Dr. Car-

lin's claim for $1,600.00 in lost wages for two days of work she missed in order to testify against Taylor in court. The trial court ordered Taylor to pay one-half of this amount and assessed his co-defendant the other half. The trial court may order restitution "if the extent of damages to the victim is determinable with reasonable certainty."[6] Restitution is intended to compensate victims for their actual loss, not provide a windfall.[7] No testimony supported Dr. Carlin's claim of lost wages; the claim was included in the presentence report. As no evidence supported the claim, the trial court did not determine the extent of Dr. Carlin's damages with reasonable certainty. We remand the matter to the trial court. At an evidentiary hearing, the trial court may determined the appropriate amount of restitution.

¶ 6 Taylor also asserts that his conduct was not the proximate cause of Dr. Carlin's lost wages.[8] The more appropriate question is whether the Legislature intended to include as restitution claims of lost wages based solely on work missed for a court appearance. Every witness that has a job and is not employed by the State at trial may

1. *See* 21 O.S.1991, § 916 (emphasis added); *See Shrum v. State*, 1999 OK CR 41, 991 P.2d 1032, 1034.

2. The State conceded in its brief that the trial court erred in its instructions.

3. *Salazar v. State*, 1993 OK CR 21, 852 P.2d 729, 741 n. 9, *cert denied*, 528 U.S. 895, 120 S.Ct. 226, 145 L.Ed.2d 190 (1999) (citing *Scott v. State*, 808 P.2d 73, 77 (Okl.Cr.1991); *Turner v. State*, 1990 OK CR 79, 803 P.2d 1152, 1158–59, *cert. denied*, 501 U.S. 1233, 111 S.Ct. 2859, 115 L.Ed.2d 1026 (1991)) (holding that "an improper instruction on the range of penalties is fundamental error and cannot be waived."). Here, the trial court instructed the jury on a minimum punishment of ten (10) years for each count; however, the statutory minimum for each criminal charge is five (5) years. *See* 21 O.S.Supp.1999, § 800; 21 O.S.Supp.1999, § 42(1).

4. *See Alverson v. State*, 1999 OK CR 21, 983 P.2d 498, 514, *cert. denied*, 528 U.S. 1089, 120 S.Ct. 820, 145 L.Ed.2d 690 (2000) (holding that "allegations of prosecutorial misconduct do not warrant reversal of a conviction unless the cumulative effect was such to deprive the defendant of a fair trial").

5. *See Ullery v. State*, 1999 OK CR 36, 988 P.2d 332, 343 (holding that where sufficient evidence

supports a trial court's *in camera* ruling that a defendant's statements are voluntary and admissible, this Court will not disturb that ruling). Testimony from the officers present at Taylor's initial apprehension and strong evidence of Taylor's valid verbal and written waiver of his *Miranda* rights supports the trial court's ruling on the admissibility of Taylor's statements.

6. 22 O.S.Supp.1999, § 991a(A)(1)(a).

7. *Honeycutt v. State*, 1992 OK CR 36, 834 P.2d 993, 1000–1001.

8. Section 911a provides little guidance regarding the types of damages properly claimed as a basis for criminal restitution. However, section 991a–18, codified as part of the Elderly and Incapacitated Victim's Protection Program, requires the trial court to determine "expenses, loss or damage to property and injury to the victim *proximately caused* by the conduct of the defendant." 22 O.S.Supp.1999, § 991a–18 (emphasis added). Although a proximate cause determination is not expressly required by section 911a, it is unlikely that the legislature intended to provide young, healthy victims greater latitude regarding damage claims than elderly or incapacitated victims.

lose wages by missing work to testify in court. This does not entitle every witness to a claim for lost wages against a criminal defendant. However, the Legislature has enacted special protection for crime victims. The Victim's Rights Act allows crime victims to sue their attackers in civil court.[9] In defining its terms, the Act also specifically notes that trial courts may order defendants to pay a victim's out-of-pocket loss, including "unreimbursed and nonreimbursable economic losses incurred as a consequence of participation in prosecution and proceedings related to the crime."[10] Restitution for victims' lost wages is appropriate under this definition. However, the amount of restitution must still be determined with reasonable certainty.

### Decision

¶ 7 The Judgment of the trial court is **AFFIRMED** and the Sentences are hereby **MODIFIED** to five (5) years imprisonment each on Count I, Count II, and Count III; with the sentence on Counts I and II to run concurrently, and the sentence on Count III to run consecutive to Count II. The case is **REMANDED** for an evidentiary hearing on the appropriate amount of restitution.

LUMPKIN, P.J.: concur.

JOHNSON, V.P.J.: concur.

STRUBHAR, J.: concur.

LILE, J.: concur.

---

9. 21 O.S.Supp.1997, § 142B.

10. 21 O.S.Supp.1997, §§ 142A–1(4), 142A–1(6).