2005 OK CR 20

**Jeffrey A. DILL, Appellant**

v.

**STATE of Oklahoma, Appellee.**

**No. F–2004–1110.**

Court of Criminal Appeals of Oklahoma.

Oct. 26, 2005.

Gary R. Buckles, Attorney at Law, Poteau, OK, attorney for appellant at trial and appeal.

Marion Fry, Asst. District Attorney, Poteau, OK, attorney for the State at trial.

S. Stephen Barnes, Attorney at Law, Poteau, OK, attorney for appellant on appeal.

W.A. Drew Edmonson, Attorney General of Oklahoma, Jennifer L. Strickland, Assistant Attorney General, Oklahoma City, OK, attorneys for the State on appeal.

### SUMMARY OPINION

A. JOHNSON, Judge.

¶ 1 Jeffrey A. Dill, Appellant, was tried by jury in the District Court of LeFlore County, Case No. CF–2004–34, and convicted of Lewd Molestation.[1] The jury recommended five years imprisonment and a $5,000.00 fine. The Honorable Danita G. Williams, who presided at trial, sentenced Dill accordingly. From this judgment and sentence, Dill appeals.

¶ 2 On the morning of January 16, 2004, L.F., a thirteen-year-old girl, arrived at school early to do some homework. She went into the classroom belonging to Mr. Dill, a health teacher and assistant baseball coach. Once she finished her homework and turned it in, L.F. came back to Dill's classroom and the two of them talked about basketball for some time. L.F. testified that Dill began to rub her leg and that she asked him to stop. Dill apologized, but later began rubbing her leg again. L.F. testified that she tried to get up, but Dill pushed her back on his desk and pulled off her pants. L.F. said that Dill then pulled his pants down and tried to have sex with her by putting his penis inside her vagina. Another teacher, Mr. Beard, arrived at Dill's classroom to speak with him, but found his door locked. Mr. Beard used his keys to unlock the door and upon entering the room, saw Dill and L.F. facing each other, abdomens touching, both nude from the waist down. Beard was unable to tell if Dill had penetrated the girl. Mr. Beard immediately left the room and notified both school and law enforcement authorities.

¶ 3 Pocola Police Officer Larry Crossland arrested Dill later that day for lewd acts with a minor. Crossland also interviewed L.F. before she was taken to the hospital for a

---

1. Dill was originally charged with First Degree Rape, but the jury rejected the original charged offense and convicted him of the lesser included offense of Lewd Molestation.

rape exam. In her interview, L.F. stated that she had not been penetrated. She testified later, however, that at the time she was interviewed, she did not know what "penetration" meant, and once her mother told her what penetration was, she realized that Dill had in fact penetrated her. The test results for the presence of semen and spermatozoa from L.F.'s swabs and panties were negative. Upon being examined by a physician, however, vaginal tears consistent with vaginal penetration were observed. The treating doctor testified that these minor tears usually heal within a twenty-four hour period.

■ ¶ 4 In Proposition I, Dill claims he was denied his right to present a defense. At trial, the trial court prohibited Dill from introducing evidence and calling witnesses to discredit and impeach L.F.'s testimony based on Oklahoma's "rape shield" statute, 12 O.S. 2001, § 2412. Fourteen days prior to trial, Dill filed a motion to offer evidence of specific instances of sexual conduct of L.F. The evidence Dill sought to offer consisted of: 1) an admission by L.F. that she had previously engaged in sexual intercourse with unnamed persons not the defendant; 2) evidence that L.F. orchestrated the events causing Dill to engage in sexual relations with her; and 3) evidence that L.F. had had numerous sexual relations not related to the instant case which could show that L.F.'s vaginal tear was not caused by Dill. The State filed a response and moved in limine to exclude such evidence. The trial court heard the motion and relied on § 2412 to deny Dill's request based on both procedural and substantive grounds. At trial defense counsel repeatedly asked questions testing the trial court's ruling, renewing his request and position each time. The State filed additional motions in limine to prohibit Dill from presenting friends of L.F. to testify about the girl's attraction to Dill, other inappropriate contacts with Dill, and L.F.'s sexual history. The trial court sustained the State's motions.

¶ 5 The decision to admit evidence is discretionary with the trial court whose decision will not be disturbed on appeal unless clearly erroneous or manifestly unreasonable. *Lott v. State,* 2004 OK CR 27, ¶ 96, 98 P.3d 318,

344; *Powell v. State,* 2000 OK CR 5, ¶ 67, 995 P.2d 510, 527. Further, reversal is not required where abuse of discretion is found unless the defendant was prejudiced. *Powell,* 2000 OK CR 5, ¶ 67, 995 P.2d at 527. Section 2412(B)(2) permits the introduction of evidence of specific instances of sexual behavior if offered for a purpose other than the issue of consent, including proof of the source of injury.

¶ 6 The record shows the trial court correctly restricted defense counsel's questioning and properly excluded Dill's proposed evidence. Dill's request to admit this evidence was not in compliance with § 2412 because it was not filed fifteen days prior to trial and did not specifically outline the evidence Dill sought to introduce. *See* 12 O.S. 2001, § 2412(C)(1). In addition, the evidence discussed by defense counsel was not relevant. Dill sought to question L.F. about prior sexual instances with the purpose of showing she understood the meaning of the words "erection" and "penetration." Whether this child had numerous prior sexual experiences or none is not relevant to her grasp of sexual vocabulary. The trial court correctly excluded this evidence. 12 O.S.2001, §§ 2401 & 2402.

■ ¶ 7 Dill further sought to introduce evidence that L.F. had orchestrated her encounter with him. Such evidence relates to the issue of consent. Consent was not an issue in this case because the State charged Dill with statutory rape. 21 O.S.Supp.2002, § 1111 and 21 O.S.2001, § 1114(A)(1). Whether L.F. orchestrated her encounter with Dill was not relevant. She was thirteen years old and incapable of consent. This evidence was also properly excluded.

■ ¶ 8 Lastly, Dill sought to introduce evidence of L.F.'s prior sexual encounters to show that he did not cause her vaginal tear. Dill did not proffer a specific recent instance; rather, he wanted to put on evidence that L.F. told her treating doctor that she had been sexually active and that her hymen was not consistent with someone who was a virgin. Without evidence of when L.F.'s other encounter occurred, the evidence was not relevant and the trial court correctly exclud-

ed it. Based on this record, we find the trial court did not abuse its discretion.

¶ 9 Even were we to find the trial court abused its discretion, relief is not required here. This Court will find evidentiary error harmless if the error neither had a substantial influence on the outcome nor left this Court in grave doubt as to whether it might have had such an effect. *See Simpson v. State*, 1994 OK CR 40, ¶ 36, 876 P.2d 690, 702. The evidence Dill sought to introduce was to refute the State's evidence of penetration. Dill was convicted of the lesser offense of lewd molestation. That offense does not require a showing of penetration. Dill's co-worker, Mr. Beard, accidentally walked in on L.F. and Dill and saw them facing each other, abdomens touching, both nude from the waist down. Any error in not allowing evidence of conflicting statements by the victim, or evidence of past sexual encounters either with the defendant or another is harmless because Dill's conviction for lewd molestation would not have been affected. This proposition is without merit.

¶ 10 In Proposition II, Dill contends his due process right to notice of the charges was violated when the State requested instructions for lewd molestation after both sides rested. Dill contends the manner in which the State pursued this case did not put him on notice that it would seek a lesser offense instruction and that had he known of that possibility he would have defended this matter differently. Dill also argues the State failed to comply with 12 O.S.2001, § 577.2 requiring the submission of written instructions [2] and that the trial court did not adequately review the record to determine whether he had been given notice he would have to defend against a lesser offense. Dill objected to the lewd molestation instructions, preserving the issue for review.

¶ 11 Jury instructions are a matter committed to the sound discretion of the trial court whose judgment will not be disturbed as long as the instructions, taken as a whole, fairly and accurately state the applicable law. *Hicks v. State*, 2003 OK CR 10, ¶ 3, 70 P.3d 882, 883. Trial courts are required, unless the matter is waived, to instruct on all lesser included offenses supported by the evidence. *Shrum v. State*, 1999 OK CR 41, ¶ 6, 991 P.2d 1032, 1034. "A defendant is deemed to know that he may be convicted of the greater crime with which he is charged and any lesser included offense whether the lesser included offense is pled in the Information or not." *Shrum*, 1999 OK CR 41 ¶ 6, 991 P.2d at 1034–35. To determine whether to submit lesser offense instructions, the *Shrum* court offered the following guidance to trial courts:

> If the State requests the lesser included offense instruction and the defendant objects, the trial court should review the Information together with all material that was made available to the defendant at preliminary hearing and through discovery to determine whether the defendant received adequate notice that the State's case raised lesser related offenses that should be deemed included.

*Shrum*, 1999 OK CR 41, ¶ 11, 991 P.2d at 1037.

¶ 12 The trial court here concluded that Dill had sufficient notice of the lesser offense of lewd molestation based on the Information and the discovery materials. The Information charging Dill with statutory rape included the victim's age and Dill's age. In *Riley v. State*, 1997 OK CR 51, ¶ 14, 947 P.2d 530, 533, we held that lewd molestation is a lesser included offense of statutory rape. The only difference between the two crimes is penetration. One cannot commit statutory rape without having first committed lewd molestation. *Id.* The essential elements of lewd molestation are necessarily included in statutory rape and therefore Dill should have been on notice that he could be convicted of and needed to defend against the lesser charge. Based on this record, we find the

---

**2.** Section 577.2 provides that either side shall have the right to request instructions by so requesting in writing. It is unclear from the record whether the State gave the trial court written copies of the instructions it was requesting or whether it merely gave the trial court the OUJI numbers with supporting case law. In any event, the trial court found that the State properly requested the instructions.

trial court did not abuse its discretion in instructing the jury on lewd molestation.

## DECISION

¶ 13 The Judgment and Sentence of the district court is **AFFIRMED.** Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (2005), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

CHAPEL, P.J., LUMPKIN, V.P.J., C. JOHNSON and LEWIS, JJ., concur.