Bobby Leon RUMBO, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–791.

Court of Criminal Appeals of Oklahoma.

Feb. 17, 1988.

Ron Evans, Asst. Public Defender, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., Sandra D. Howard, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

The appellant, Bobby Leon Rumbo, was tried by jury in Oklahoma County District Court, Case No. CRF–85–1328, and convicted of First Degree Murder (21 O.S.1981, § 701.7), before the Honorable James Blevins, District Judge. The jury set punishment at life imprisonment. Judgment and sentence was imposed in accordance with the jury's verdict. We affirm.

For his sole proposition of error, appellant claims that the trial court erred in failing to give his requested instruction on the lesser included offense of first degree manslaughter. Appellant was given an instruction on second degree murder.

■ This Court has held that it is the duty of the trial court to determine as a matter of law whether the evidence is sufficient to justify the submission of instructions on a lesser included offense. If there is a doubt, the court should submit the matter to the jury. *Hanna v. State,* 560 P.2d 985, 991 (Okl.Crim.App.1977). However, it is within the trial court's discretion in determining whether such evidence exists to warrant an instruction on a lesser degree of homicide. *Sanders v. State,* 556 P.2d 611, 614 (Okla.Crim.App.1976). We therefore turn to the evidence to see whether the trial court abused its discretion in failing to give the requested instruction.

At approximately 10:00 p.m. on March 8, 1985, Robert Dvorak was killed by a pistol shot fired by appellant while the two were at the Starlite Lounge in Oklahoma City. There was no evidence to show that the

victim and appellant had argued. In fact, there was no evidence to show that appellant had even talked to the victim before he shot him. The victim was unarmed. Appellant had been drinking for a substantial period of time before the shooting, and appeared to be intoxicated. However, all witnesses testified that the appellant was coherent, appeared to be in an agreeable mood, and was able to carry on a normal conversation.

Appellant was approached shortly before the shooting and asked to remove from the building a weapon he was carrying. Appellant pointed towards the door near a telephone, where the victim was standing, and said, "See that guy over there, I'm going to get him." Another witness testified that while appellant was sitting at the bar, he said "something to the effect of either you're never going to hurt anybody again or you're never going to hit anybody again." The pistol used to kill the victim was a single action weapon, requiring that the hammer be recocked before another shot can be fired. Three shots were fired. The first one struck the wall. The second hit the victim in the leg, while the third and fatal bullet struck the victim in the neck. Following the shooting, the appellant calmly returned to his beer and appeared "happy." When a nearby witness commented on the act, appellant said "The son of a bitch deserved to die." Another witness reported a variation of that statement. Appellant also remarked that someone should "just go on, take me to jail," and "I'll just sit here until they come and get me, I'll probably go to the chair."

 Where there is no evidence to support a lower degree of the crime charged, the court should not ask the jury to consider the issue. *Hill v. State*, 672 P.2d 308, 312 (Okla.Crim.App.1983). Here, the appellant's wife testified that he was a different person when drunk, and he did not always know the consequences of his actions. However, the jury was given an instruction concerning intoxication and the possibility of its negating the element of intent required for first degree murder. The only other evidence offered to show

that appellant did not intend to shoot the victim was a statement that appellant had expressed dissatisfaction with the telephone on the wall, and was going to shoot it. However the person who supposedly made the statement to police at the time of the shooting denied making it at trial. Based on these facts, we cannot say that it was an abuse of discretion for the trial court to refuse an instruction on first degree manslaughter. *See Sanders, supra.* We think the evidence indicates that appellant had "a design to effect death," and that there was no evidence in the record to support giving the instruction on the lesser included offense of first degree manslaughter. *See Wauqua v. State*, 694 P.2d 532, 534 (Okla.Crim.App.1985).

 Additionally, the jury was instructed to consider second degree murder if it found that the facts did not support first degree murder. It found that the facts supported first degree murder. However, even assuming that appellant was intending to shoot the telephone off the wall, the evidence shows that he "perpetrated an act imminently dangerous to another person and evincing a depraved mind, regardless of human life, although without any premeditated design to effect the death of any particular individual." 21 O.S.1981, § 701.8(1). We find that the instructions, when taken as a whole, fairly and accurately stated the applicable law in this case. *Craft v. State*, 744 P.2d 210, 211 (Okla. Crim.App.1987). Appellant's proposition is meritless.

Therefore, appellant's conviction is AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.