**Melissa Louise O'BRYAN, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–90–0328.

Court of Criminal Appeals of Oklahoma.

May 3, 1994.

Merle Gile, Oklahoma City, at trial, Allen Smith, Asst. Appellate Indigent Defender, and Lisbeth L. McCarty, Deputy Appellate Indigent Defender, Norman, on appeal, for appellant.

Donald L. Deason, at trial, Susan Brimer Loving, Atty. Gen. of Oklahoma and Patrick T. Crawley, Asst. Atty. Gen., Oklahoma City, on appeal, for appellee.

### SUMMARY OPINION

STRUBHAR, Judge:

This case involves the murder of Robert Adams in Oklahoma City, Oklahoma on August 3, 1988. Appellant, Melissa Louise O'Bryan, was convicted of Murder in the first degree and sentenced to life imprisonment by a jury. 21 O.S.Supp.1982, § 701.7(A) and 21 O.S.Supp.1987, § 701.9. Appellant raises three issues on appeal challenging her conviction.

I. The evidence is insufficient to support the verdict of First–Degree Murder;

II. The trial court erred in failing to instruct the jury on the lesser included offense of First–Degree Manslaughter, despite Appellant's request that no such instruction be given;

III. Appellant received ineffective assistance of counsel.

Upon a thorough review of those issues we conclude that each of Appellant's contentions lack merit. Accordingly, we affirm Appellant's conviction. We do, however, find that

Appellant raises a question of first impression that requires ruling.

In her second assignment of error Appellant asserts that the trial court committed fundamental error when it failed to instruct the jury sua sponte on the lesser included offense of first degree manslaughter. Appellant contends that because there was evidence the decedent had beaten her and attempted to rape her hours prior to his death, such evidence warranted a first degree "heat of passion" manslaughter instruction. Appellant concedes that she stated on the record her desire to waive any request for a first degree manslaughter instruction and submit her case to the jury with first degree murder instructions only.

■ We have consistently held it is the duty of the trial court to determine as a matter of law whether the evidence is sufficient to justify the submission of instructions on a lesser included offense, and if there is doubt, the court should submit the matter to the jury. *Rowland v. State*, 817 P.2d 263, 266 (Okl.Cr.1991); *Rumbo v. State*, 750 P.2d 1132 (Okl.Cr.1988). Further, the failure to give lesser included offense instructions supported by the evidence constitutes reversible error. *Dawson v. State*, 647 P.2d 447, 449 (Okl.Cr.1982).

■ This Court must decide whether a defendant can waive the right to a lesser included offense instruction when the evidence warrants such an instruction. We find *Spaziano v. Florida*, 468 U.S. 447, 455, 104 S.Ct. 3154, 3159, 82 L.Ed.2d 340 (1984) dispositive.

In *Spaziano*, the defendant was tried for capital murder. The trial court offered to instruct the jury on the lesser included offenses of capital murder. The statute of limitations had expired on all lesser included offenses and the defendant asserted the statute of limitations as his defense. The Court held that no error occurred when the trial court refused to instruct the jury on the lesser included offenses of capital murder when the defendant refused to waive the statute of limitations which had expired. *Id.* at 457, 104 S.Ct. at 3160. In *Spaziano*, the defendant was given a choice which the Court approved as the better option. *Id.* at 456, 104 S.Ct. at 3160. The *Spaziano* court recognized that there may be cases in which the defendant feels confident that the State has not proved capital murder and he will want to take his chances with the jury. *Id.* The Court will allow those defendants who make a knowing choice to waive their right to a lesser included offense instruction. *Id.* at 457, 104 S.Ct. at 3160.

■ In the instant case the following proceedings were had in chambers after the State rested its case:

*Defense Counsel:* Now there is one other matter that I want to take up with you. I don't know exactly what Judge Gullett's posture would be. He hasn't made a ruling on it, but right now the jury will be instructed on the crime of murder in the first degree. The punishment for murder in the first degree in this case where they haven't filed a bill of particulars seeking the death penalty is life or life without parole.

I tell you that I'm going to object to life without parole, but it's going to be submitted to the jury anyway I'm sure.

Now, probably if I would request it or if we would request it, Judge Gullett would more than likely instruct the jury on manslaughter in the first degree.

If we instruct the jury on manslaughter in the first degree, the punishment would be anywhere—let's see—four years or however many years they want to give you.

But the minimum would be four years. And there is perhaps a theory or could be some evidence that the jury could find you guilty of manslaughter in the first degree. But if we request it, it's very unlikely if you're convicted of murder in the first degree, the Court of Criminal Appeals would reverse a conviction based upon the fact we didn't request that instruction.

Okay. You understand?

*Defendant O'Bryan:* Uh huh.

*Defense Counsel:* In other words, if we don't request it right now, we probably waive that, you understand?

*Defendant O'Bryan:* Yes.

*Defense Counsel:* Now after your discussion with me and your own independent decision, do you want to go murder one or nothing?

*Defendant O'Bryan:* Yes.

*Defense Counsel:* Okay.

*The Court:* All right.

The record is clear that Appellant made a knowing and intelligent waiver of her right to a lesser included offense instruction and chose instead to rely on an all or nothing approach.[1] Accordingly, we find this proposition to be without merit.

### DECISION

The Judgment and Sentence of the trial court is **AFFIRMED**.

LUMPKIN, P.J., and JOHNSON, V.P.J., and LANE, J., concur.

CHAPEL, J., specially concurs.

CHAPEL, Judge, specially concurring:

Although I agree with the majority that a defendant may waive the right to a lesser included offense instruction, I believe the Court should expand its opinion to more fully develop the doctrine of mutuality which governs this issue. That doctrine dictates that a defendant may not unilaterally waive a lesser included offense instruction and in effect preclude the trial court by veto from giving it. *State v. Keffer,* 860 P.2d 1118, 1123 (Wyo. 1993).

First, it is the trial court's duty to instruct on the law. Accordingly,

[t]his Court has consistently held that it is the duty of the trial court to determine as a matter of law whether the evidence is sufficient to justify the submission of instructions on a lesser included offense, and if there is doubt, the court should submit the matter to the jury.

*Rowland v. State,* 817 P.2d 263, 266 (Okl.Cr. 1991) (citations omitted). Once the trial court has determined an instruction on a lesser included offense is warranted, such an instruction must be given. *Keffer,* 860 P.2d

at 1132 (failure to give lesser included offense instruction supported by the evidence violates due process). The only exception is if the instruction is waived, *and* the State does not object to that waiver.

The doctrine of mutuality is a logical outgrowth of the purposes behind lesser included offense instructions, which are:

[to] both aid the prosecution if the proof presented at trial fails to establish all of the elements of the charged offense and also to give the defendant the benefit of a less drastic alternative than a choice between conviction and acquittal on the charged offense.

*Keffer,* 860 P.2d at 1125. Because lesser included offense instructions are for the benefit of both the State and the defense, both have the right to demand and receive such an instruction when the evidence warrants it. Therefore, I would make perfectly clear that if the State had objected to the defendant's waiver of the lesser included offense instruction in this case, the trial court would have been precluded from allowing her to waive it. Because the State did not object to the defendant's waiver in this case, I concur.

---

1. We need not address whether the State has a mutual right to lesser included offense instruc-

tions as the State did not object to the instructions given by the trial court.