2001 OK CR 20

**Brandon Jamar BALLARD, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F 2000–27.

Court of Criminal Appeals of Oklahoma.

July 10, 2001.

Robert J. Stubblefield, Attorney at Law, Tulsa, OK, Attorney for Defendant.

Larry R. Edwards, Edward Snow, Assistant District Attorneys, TULSA, OK, Attorneys for the State.

G. Lynn Burch, Appellate Defense Counsel, Oklahoma City, OK, Attorney for Appellant.

W.A. Drew Edmondson, Attorney General, William R. Holmes, Asst. Attorney General, Oklahoma City, OK, Attorneys for Appellee.

*SUMMARY OPINION*

JOHNSON, Vice Presiding Judge:

¶ 1 Appellant, Brandon Jamar Ballard, was tried and convicted by a jury in Tulsa County District Court, Case No. CF 99–277, of (Count 1) Murder in the First Degree, in violation of 21 O.S.1991, § 701.7(A), and (Count 2) Shooting with Intent to Kill, in violation of 21 O.S.1991, § 652. Jury trial was held on November 9th–12th, 1999, before the Honorable J. Michael Gassett, District Judge. The jury returned guilty verdicts on both counts and set punishment at life imprisonment on Count 1 and twenty (20) years imprisonment and a Ten Thousand Dollar ($10,000.00) fine on Count 2. Formal sentencing was held May 17, 2000 and Judge Gassett ordered the sentences to be served consecutively. Thereafter, Appellant filed this appeal.

¶ 2 Appellant raised the following three propositions of error:

1. The evidence presented at trial was insufficient to support the convictions for murder and shooting with intent to kill because no rational trier of fact could have found beyond a reasonable doubt that Appellant was a principal to those crimes;

2. Appellant was denied the effective assistance of counsel based upon the failure to appeal the denial of his motion to be certified as a youthful offender; and,

3. Appellant was denied effective assistance of counsel due to trial counsel's failure to accept the instructions on lesser offenses offered by the trial court.

¶ 3 After thorough consideration of the entire record before us on appeal, including

the original record, transcripts, briefs and exhibits of the parties, we have determined that reversal is required on a sub-proposition of Proposition III for the reasons set forth below.

¶ 4 In Proposition Three, Appellant argues that his counsel was ineffective for failing to accept the lesser included offense instructions offered by the trial court. As a sub-proposition to this claim, Appellant submits counsel's "waiver" of his right to have lesser included instructions given was error and warrants relief. Review of the evidence in this case shows lesser included instructions were warranted by the evidence, were offered by the trial court *sua sponte,* and were refused by Appellant's trial counsel "based upon review of the entire case and trial strategy." [1]

¶ 5 The defendant has a statutory right to a fair trial and to have the jury find guilt upon any lesser offense warranted by the evidence. 22 O.S.1991, § 916. This personal right to have the jury consider lesser included offenses may not be waived by trial counsel alone; a personal, affirmative waiver by the defendant is required. *Shrum v. State,* 1999 OK CR 41, ¶ 11, 991 P.2d 1032, 1036–1037; *O'Bryan v. State,* 1994 OK CR 28, ¶¶ 10–11, 876 P.2d 688, 689–690.

¶ 6 Because the record did not show Appellant affirmatively waived the trial court's offer of lesser-included offenses going to both Counts or that he was even present at the time his trial counsel waived the offers, we remanded this matter for an evidentiary hearing to allow the trial court to make findings of fact addressing whether Appellant agreed to and understood his counsel's decision to waive lesser included offenses as part of trial strategy. *See Order Remanding for Evidentiary Hearing,* F 2000-27 (Okl.Cr. March 26, 2001)(not for publication). Pursuant to that Order, an evidentiary hearing was held on May 1, 2001, and a transcript of that hearing, containing the trial court's findings, was filed in this Court on May 17, 2001.

¶ 7 Review of the evidentiary hearing does not disclose Mr. Ballard affirmatively waived the trial court's offers of lesser included offense instructions. His personal waiver of lesser included offenses cannot be established from a record which shows trial counsel could not specifically recall discussing the waiver of lesser included instructions with Appellant. Although the prosecutor testified trial counsel left the *in chambers* discussion, presumably to speak with Appellant about the trial court's offer of lesser included instructions, to find that trial counsel in fact obtained a waiver from Appellant at that time would be based upon pure speculation. Appellant was sixteen years old at the time of these offenses. The record does not positively show that trial counsel communicated the offer of lesser included instructions to him, that he understood the offer, or that he knowingly waived such an offer to proceed with an "all or nothing" trial strategy. This Court would recommend a hearing on the record where the Appellant (defendant) makes a knowing and intelligent waiver.

¶ 8 Under these circumstances, the trial court's acceptance of trial counsel's waiver of lesser included offenses which were warranted by the evidence was error. A sufficient showing of Appellant's personal affirmative waiver of lesser included offense instructions was not made in this case. *See O'Bryan,* 1994 OK CR 28, ¶¶ 10–11, 876 P.2d at 689–690. Accordingly, we find this case must be reversed and remanded for new trial, because the record does not establish a knowing and affirmative waiver by Appellant of the trial court's *sua sponte* offer of a lesser included offense instruction which was warranted by the evidence. *Shrum, id.; O'Bryan, id.*

¶ 9 The remaining propositions of error need not be addressed.

### Decision

¶ 10 The Judgment and Sentences of the trial court are hereby **REVERSED AND REMANDED FOR A NEW TRIAL.**

---

**1.** The trial court stated he believed the evidence warranted instructions on second degree felony murder and first degree misdemeanor manslaughter on Count 1 and using a motor vehicle to discharge a firearm and a misdemeanor charge of reckless conduct with a firearm were warranted on Count 2.

LUMPKIN, P.J., joins in LILE'S dissent.

CHAPEL, J. and STRUBHAR, J., concur.

LILE, J., dissents.

¶ 1 I concur with the trial court's determination that instructions on lesser offenses were waived by Appellant through his attorney.

¶ 2 I am hereby authorized to state that Judge Lumpkin joins in this dissent.