2005 OK CR 3

**Dennis R. SCOTT, Appellant**

v.

**STATE of Oklahoma, Appellee.**

**No. F 2003–1323.**

Court of Criminal Appeals of Oklahoma.

Jan. 28, 2005.

Jane Ann Cobb, Brian Aspan, Asst. Public Defenders, Tulsa, OK, attorneys for defendant at trial.

Todd Chesbro, Asst. District Attorney, Tulsa, OK, attorney for the State at trial.

Stephen J. Greubel, Asst. Public Defender, Tulsa, OK, attorney for appellant on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, Diane Slayton, Assistant Attorney General, Oklahoma City, OK, attorneys for State on appeal.

Dennis R. Scott, pro se on appeal.

## SUMMARY OPINION

JOHNSON, Judge.

¶1 Appellant, Dennis R. Scott, was convicted by a jury in Tulsa County District Court, Case No. CF 2003-109, of Second Degree Murder, in violation of 21 O.S.2001, § 701.8. Jury trial was held before the Honorable Rebecca Nightingale, District Judge, from October 6th—October 10th, 2003. The jury set punishment at twenty (20) years imprisonment. Judgment and Sentence was imposed in accordance with the jury's verdict on December 1, 2003. Appellant then filed this appeal.

¶2 Appellant raises three (3) propositions of error:

1. The jury should not have been instructed on the lesser offense of second degree murder over Appellant Scott's objection;

2. The trial court's erroneous belief that it could not instruct on parole ineligibility, and its refusal to do so in light of that erroneous belief, requires reversal; and

3. Ineffective assistance of counsel [1]

After thorough consideration of the propositions raised, the Original Record, transcripts, briefs and arguments of the parties, we have determined Appellant's conviction and sentence should be affirmed.

¶3 In Proposition One, Appellant argues the trial court should not have given the lesser included offense instruction on second degree murder, because his trial counsel objected and because Appellant, personally, affirmatively, and on the record, said he did not want the second degree murder instruction. Appellant relies on *Shrum v. State*, 1999 OK CR 41, 991 P.2d 1032, and argues that because he wanted to proceed on an "all or nothing" approach and waive lesser included offenses and because he personally and affirmatively waived the lesser offense instruction, the trial court should not have given the instruction.

¶4 All lesser included offense instructions are to be given if they are supported by the evidence, and a defendant is deemed to know that he may be convicted of the greater crime with which he is charged and any lesser included offense whether the lesser included offense is pled in the Information or not. *Shrum*, 1999 OK CR 41, ¶6, 991 P.2d at 1034-1035. When the trial court proposes to give a lesser included offense instruction and the defendant objects, the defendant has a right to affirmatively waive any lesser included offense instruction and proceed on an "all or nothing" approach. *Id.* at ¶11, 991 P.2d at 1036; *see also O'Bryan v. State*, 1994 OK CR 28, ¶¶9-11, 876 P.2d 688, 689-690. On the record, the defendant must personally and affirmatively waive lesser included offense instructions which are warranted by the evidence. *Ballard v. State*, 2001 OK CR 20, ¶8, 31 P.3d 390, 391.

¶5 In this case, while the record does show Appellant personally and affirmatively stated he did not want the trial court to instruct the jury on second degree murder, it does not show Appellant wished to proceed on an "all or nothing" approach. In fact, the record shows he wanted the lesser included instruction on first degree manslaughter. "All or nothing" means just that. If a defendant wishes to personally and affirmatively waive lesser included offense instructions and proceed on an "all or nothing" approach, no lesser included offense instructions should be given. The trial court did not err, and Proposition One does not require relief.

¶6 Further, the trial court did not err when it refused to instruct the jury on matters of parole ineligibility. *See e.g. Ellis v. State*, 1988 OK CR 9, ¶6, 749 P.2d 114, 116 (improper for trial judge to instruct jury on matters of parole where the statute specifically said a person convicted under that statute for the third time would not be parole or probation eligible for ten years); *Miller v.*

---

1. On August 31, 2004, we granted Appellant's motion to file a *pro se* supplemental brief. On that date, Mr. Scott's *pro se* "Motion for Leave of Court to Supplement the Record and Application for an Evidentiary Hearing" which this Court construed as the *pro se* supplemental brief was filed in the appeal record. Therein, Appellant raised the claim of ineffective assistance of counsel.

*State,* 1974 OK CR 94, ¶ 6, 522 P.2d 642, 644 (improper to instruct juries that defendant would be ineligible for probated or suspended sentence). Proposition Two requires no relief.

¶ 7 Lastly, we find trial counsel was not ineffective. Appellant has not shown or proven his trial counsel's performance was deficient or that he was prejudiced by trial counsel's performance. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *see also Glossip v. State,* 2001 OK CR 21, ¶ 11, 29 P.3d 597, 600 (unless the defendant makes both showings [deficient performance and prejudice], it cannot be said the conviction resulted from a breakdown in the adversary process that renders the result unreliable.")

### DECISION

¶ 8 The Judgment and Sentence imposed by the trial court in Tulsa County District Court, Case No. CF 2003–109, is hereby *AFFIRMED.*

CHAPEL, P.J. and LILE, J.: concur in results.

LUMPKIN, J.: concurs.