2008 OK CR 4

**Jerry David SPENCE, Jr., Appellant**

v.

**STATE of Oklahoma, Appellee.**

**No. F–2006–929.**

Court of Criminal Appeals of Oklahoma.

Jan. 29, 2008.

Douglas J. Smith, James A. Drummond, Norman, OK, attorneys for defendant at trial.

R. Richard Sitzman, David J. Batton, Assistant District Attorneys, Norman, OK, attorneys for the state at trial.

Robert W. Jackson, Steven M. Presson, Norman, OK, attorneys for appellant on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, Keeley L. Harris, Assistant Attorney General, Oklahoma City, OK, attorneys for appellee on appeal.

LEWIS, Judge.

### SUMMARY OPINION

¶ 1 Jerry David Spence, Jr., Appellant, was tried by jury and convicted of murder in the first degree, in violation of 21 O.S.Supp.2004, § 701.7(A), in Cleveland County District Court, Case No. CF–2003–1494. The jury sentenced Appellant to life imprisonment. The Honorable William C. Hetherington, District Judge, pronounced judgment accordingly. Mr. Spence appeals.

### FACTS

¶ 2 The nature of this case makes a recitation of the trial evidence unnecessary. At the close of Appellant's murder trial, the District Court found sufficient evidence of killing in a heat of passion to warrant instructions on the lesser-included offense of manslaughter in the first degree. *See* 21 O.S.2001, § 711. After consultation with his appointed counsel, Appellant objected to these instructions and asked that the case be submitted on the charge of murder only. The District Court, relying on *Shrum v. State*, 1999 OK CR 41, 991 P.2d 1032, found that Appellant had a right to affirmatively waive the lesser-included offense instructions and sustained his objection. After inquiry concerning Appellant's understanding of the risks, the District Court charged the jury on the elements of murder alone. The jury convicted Appellant of murder.

¶ 3 In a motion for new trial, Appellant argued the District Court's action involved a mistake of law and was inconsistent with our decision in *McHam v. State*, 2005 OK CR 28, 126 P.3d 662. Although *McHam* was published six (6) months before Appellant's trial, counsel for the State and the defense admitted at the hearing on the motion for new trial that they were unaware of *McHam* and failed to bring the decision to the District Court's attention at the time of trial. After considering Appellant's arguments and the impact of *McHam*, The District Court denied the motion for new trial, finding Appellant affirmatively waived the manslaughter instructions.

### ANALYSIS

¶ 4 Appellant now argues in a single proposition of error that this "mistake of law" was reversible error and ineffective assistance of counsel, and the District Court should have granted the motion for new trial. We disagree.

¶ 5 In *Shrum v. State*, 1999 OK CR 41, 991 P.2d 1032, the Court observed that "if the trial court *sua sponte* proposes the lesser included offense instruction that is supported by the evidence *and the defendant objects*, the defendant *shall have the right to affirmatively waive* any lesser included offense instruction that the evidence supports and proceed on an 'all or nothing approach.'" *Shrum*, at ¶ 11, 991 P.2d at 1036–37, *citing O'Bryan v. State*, 1994 OK CR 28, ¶ 11, 876 P.2d 688, 689–90 (emphasis added). This passage from the opinion in *Shrum* convinced the District Court that Appellant's objection to the lesser-included offense instructions was entitled to dispositive weight, notwithstanding the District Court's opinion that first-degree manslaughter instructions were supported by the evidence.

¶ 6 In *McHam v. State*, 2005 OK CR 28, 126 P.3d 662, the defendant was charged with murder and claimed self-defense. At the close of the evidence, the District Court indicated its intent to give instructions on the lesser-included offense of first-degree manslaughter. Over the defendant's objection, the District Court instructed the jury on the lesser-included offense. The jury found the defendant guilty of manslaughter. *Id.* at ¶ 11, 126 P.3d at 667. Defendant argued on

appeal that the District Court's instructions violated *Shrum*, because the defendant sought to affirmatively waive them and submit the case with "all or nothing" instructions directing jurors to either acquit the defendant or convict him of first-degree murder. *Id.* at ¶ 12, 126 P.3d at 667–68. *McHam* again affirmed the District Court's decision to instruct the jury on the lesser-included offense.

¶ 7 The majority opinion in *McHam* sought to clarify *Shrum* "by holding that while a defendant is free to adopt an 'all or nothing' strategy with regard to any lesser-offense alternatives, the trial court is not bound by that strategy, and may instruct *sua sponte* on any lesser-related offense it believes to be supported by the evidence, without any formal request by the State." *McHam*, at ¶ 20, 126 P.3d at 670.[1]

¶ 8 Appellant's argument that the District Court's misapprehension of law requires a new trial is unpersuasive. We review the District Court's rulings on jury instructions, and the denial of the motion for new trial, for abuse of discretion. *Cipriano v. State*, 2001 OK CR 25, ¶ 14, 32 P.3d 869, 873; *Garcia v. State*, 1976 OK CR 34, ¶ 10, 545 P.2d 1295, 1297. Jury instructions are sufficient if when read as a whole they state the applicable law. *McGregor v. State*, 1994 OK CR 71, ¶ 23, 885 P.2d 1366, 1380. We will reverse the judgment only where an error in the jury instructions "has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right." 20 O.S.2001, § 3001.1; *Hancock v. State*, 2007 OK CR 9, ¶ 98, 155 P.3d 796, 819.

¶ 9 We find no abuse of discretion in the District Court's denial of the motion for new trial. Nothing in *Shrum* or *McHam* condemned the course ultimately chosen by the trial judge here: *McHam* does not forbid the District Court's submission of the case for an all-or-nothing verdict; nor does it require that the District Court instruct on lesser-included offenses in the teeth of a defendant's strategic objection. Appellant refused

lesser-included offense instructions in the hope of an outright acquittal, aware of the extreme risk he was taking. The District Court's understanding of the law had no effect on Appellant's decision. Counsel's ignorance of relevant case law at the time creates no reasonable probability of a different outcome at trial, and thus did not violate Appellant's Sixth Amendment rights. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). No relief is warranted.

## DECISION

¶ 10 The Judgment and Sentence of the District Court of Cleveland County is **AFFIRMED.** Pursuant to Rule 3.15, Rules of the Court of Criminal Appeals, Title 22, Ch. 18, App. (2006), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

LUMPKIN, P.J., C. JOHNSON, V.P.J., and CHAPEL, and A. JOHNSON, JJ., concur.

---

[1]. I dissented in *McHam*, because I viewed *Shrum's* 'all or nothing' holding as a correct statement of the law. If the defendant objects to lesser-included instructions and affirmatively waives them on the record, *see Ballard v. State*, 2001 OK CR 20, ¶¶ 4–8, 31 P.3d 390, 391, the trial judge should not give the instructions *sua sponte*. If the State requests the instructions and the evidence supports them, the trial court should give the instructions, even if the defendant objects. The trial court's action here was clearly proper under both *Shrum* and *McHam*.