**Tommy Mongrain EAVES, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. F–87–351.**

Court of Criminal Appeals of Oklahoma.

Sept. 7, 1990.

## ORDER DENYING REHEARING

Petitioner had filed a Petition for Rehearing requesting this Court grant rehearing in *Eaves v. State*, 795 P.2d 1060, 61 O.B.A.J. 1792 (Okl.1990). Petitioner argues that our decision that the State has jurisdiction to prosecute a murder which occurred in a housing project owned by the Osage Tribal Authority is in conflict with prevailing case law on Indian jurisdictional issues. Petitioner specifically directs this Court's attention to an opinion by the Oklahoma Supreme Court, *Housing Authority of the Seminole Nation v. Harjo*, 790 P.2d 1098 (Okl.1990), wherein the Court found that a house located in the Seminole Housing Authority fell within the definition of a dependent Indian community.

While Petitioner has presented a very thorough brief in support of his request for rehearing, we are not persuaded to grant his request. The test for determining what is a dependent Indian community is a flexible one, not tied to any single technical standard. *United States v. South Dakota*, 665 F.2d 837 (8th Cir.1981) *cert. denied* 459 U.S. 823, 103 S.Ct. 52, 74 L.Ed.2d 58 (1982). *See also United States v. Levesque*, 681 F.2d 75 (1st Cir.1982), *cert. denied* 459 U.S. 1089, 103 S.Ct. 574, 74 L.Ed.2d 936 (1982), *United States v. Martine*, 442 F.2d 1022 (10th Cir.1971). Applying this standard in *Eaves* we did not overlook *Harjo*, but found it factually distinctive.

In *Harjo*, the Supreme Court applied the rationale of *South Dakota* and found that the Appellant, a full blood Seminole Indian and the former fee owner of the land, became owner of an equitable interest in the land by virtue of the occupancy agreement with contract for deed. Therefore, the Appellant's home was situated in a dependent Indian community. The Court emphasized that its holding was "factually specific, and should not be taken to imply that any house built by an Indian housing

authority will be adjudged to fall within the definition of 'dependent Indian community.' "

A different conclusion is reached when this flexible standard is logically applied to the particular facts of *Eaves*. That different conclusions would be reached when applying a flexible standard of analysis to differing facts is not unreasonable nor an indication that either decision is incorrect. A thorough analysis of the rationale of *South Dakota* as applied to the facts of the present case was conducted in our opinion and we are not convinced that we should deter from our holding therein.

Further, we are not persuaded to retreat from our reliance on 63 O.S.1981, § 1057, which created the housing authority as a state agency. As expressed by Justice Hargraves writing for the dissent in *Harjo*, the fact that title to the land is in a *state agency* should be fatal to any holding that the land in question is Indian Country. 790 P.2d at 1107, 61 O.B.A.J. at 1039. By acceding to the creation of a tribal housing authority as a state agency, the tribe has voluntarily relinquished its autonomy.

Based upon the foregoing, this Motion for Rehearing is DENIED.

IT IS SO ORDERED.

/s/ Ed Parks
ED PARKS,
Presiding Judge
dissent

/s/ Tom Brett
TOM BRETT,
Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Judge