2003 OK CR 8

**Jason Leon CRUSE, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–2001–1046.**

Court of Criminal Appeals of Oklahoma.

April 9, 2003.

---

**2.** "the sentence currently in force may stand provided only that the requisite findings are made in an adequate proceeding before some appropriate tribunal-be it an appellate court, a trial judge, or a jury."

Osher Bachrach, Norman, for Defendant at trial.

Johnny S. Loard, Assistant District Attorney, Sulphur, OK, Craig Ladd, Assistant District Attorney, Ardmore, OK, Attorneys for State at trial.

Thomas Purcell, Appellate Defense Counsel Indigent Defense System, Norman, for Appellant on appeal.

W.A. Drew Edmondson, Attorney General, Brant M. Elmore, Assistant Attorney General, Oklahoma City, OK, for Appellee on appeal.

## *OPINION*

LILE, Vice Presiding Judge.

¶ 1 Appellant, Jason Leon Cruse, was convicted at jury trial of First Degree Malice Aforethought Murder (21 O.S.Supp.1998 § 701.7) in the District Court of Murray County, Case No. CF–2000–105. The jury was unable to recommend a sentence. The Honorable John H. Scaggs, District Judge, sentenced Appellant to life imprisonment without the possibility of parole, suspending the "without the possibility of parole" portion of the sentence. Appellant has perfected his appeal to this Court.

¶ 2 Appellant, age 21, had just served as a pallbearer at his grandfather's funeral. He was upset and drinking. His girlfriend went to the apartment of a former lover, the victim. Cruse showed up, kicking the door and screaming. The victim opened the door and Cruse demanded to know where his girlfriend was. When informed that she was in the back of the apartment, Cruse stabbed the victim in the heart. Other occupants of the apartment disarmed Cruse who then ran away.

¶ 3 Appellant contends that the trial court erred in failing to instruct the jury on Second Degree Murder even though not requested to do so at trial. We examine for plain error only. *Ashinsky v. State,* 1989 OK CR 59, 780 P.2d 201. The underlying premise of *Shrum v. State,* 1999 OK CR 41, 991 P.2d 1032, is that a lesser included instruction should be given only if there is evidence to support a conviction of the lesser charge.

¶ 4 This case is remarkably similar to *Williams v. State,* 2001 OK CR 9, 22 P.3d 702. In *Williams,* the defendant took a butcher knife from his home to the victim's home. Within a few minutes of his arrival, the knife was driven to the hilt into the victim's chest. This Court found no evidence to support a conclusion that the defendant acted without an intent to kill.

¶ 5 The facts in the case before us are more compelling for the same conclusion. Appellant took the knife and had it secreted as he asked for his girlfriend. When he confirmed where she was, he cursed the victim and drove the knife into the victim's chest. He wasn't satisfied with one fatal stab to the heart and continued trying to stab the victim until overpowered by others present.

¶ 6 There is no evidence to support an absence of intent to kill, and, if requested, the instruction would properly have been refused.

¶ 7 Appellant complains, for the first time on appeal, that Native American jurors were excused on account of their race in violation of the rule in *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Appellant is also a Native American citizen. No objection was made at trial to the exercise of any peremptory challenges by the State. *Batson* claims are waived if not raised at trial. *Black v. State,* 1994 OK CR 4, 871 P.2d 35; *Ford v. Georgia,* 498 U.S. 411, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991). An examination for plain error leads to the inescapable conclusion that none occurred here. The "totality of the relevant facts gives rise" to no "inference of discriminatory purpose" on the part of the prosecution. *See Batson,* supra. Native American jurors remained on the jury, even though the State did not exercise all of its peremptory challenges. In *Bland v. State,* 2000 OK CR 11, 4

P.3d 702, we said that the fact that a prosecutor left other persons of the same minority heritage on the jury weighed heavily against a showing of racial discrimination. There is no plain error here.

■ ¶ 8 Next, Appellant claims that the trial judge improperly injected race into the trial. The defense counsel made the following comment during voir dire:

> "Mr. Cruse is a full-blood Native American citizen. Is there anyone on this panel who has a problem with that? Can you all agree that Native American citizens have the same rights as all the rest of us?"

¶ 9 The trial court asked the jurors to identify themselves if they were Native American citizens. It would be difficult to consider *Batson* issues unless this was determined. There was no objection to the Court's action at trial. On appeal, Appellant claims that the Court's action constituted error. No citation to authority accompanies the claim and, indeed, no authority exists. This proposition is denied.

■ ¶ 10 Appellant complains for the first time on appeal that the prosecutor's closing argument was an appeal for sympathy for the victim. Sympathy for the victim or defendant is not a proper consideration in a criminal trial. However, a mere recital of facts in evidence is proper. *Van White v. State*, 1999 OK CR 10, 990 P.2d 253. We find no plain error.

■ ¶ 11 Appellant claims that his trial counsel provided inadequate representation under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Counsel's failure to object to matters discussed above do not satisfy the requirements of *Strickland* because any such objections would have been properly overruled. *Frederick v. State*, 2001 OK CR 34, 37 P.3d 908.

¶ 12 Trial counsel's argument that the victim may have fallen on his own knife has some support in the record and was not improper. The victim did have a hunting knife laying out in the apartment. Trial counsel was not ineffective for making the argument.

¶ 13 Investigatory statements of two witnesses established that the victim had grabbed Appellant prior to the stabbing and that Appellant was under emotional stress on the night on the incident. These matters were established at trial and defense counsel cannot be said to be ineffective for avoiding cumulative or redundant witnesses. *Hammon v. State*, 2000 OK CR 7, 999 P.2d 1082. The claim of ineffective assistance of trial counsel is denied.

■ ¶ 14 Appellant complains that the apartment complex where the crime occurred was a "dependent Indian community" and the State of Oklahoma had no jurisdiction. However, the property was owned by an agency of the State of Oklahoma, which fact is fatal to a claim that it was in Indian Country. *Eaves v. State*, 1990 OK CR 59, 800 P.2d 251. This proposition is denied.

■ ¶ 15 However, we do find error in the sentence entered by the trial judge. Historically, under our Constitution, parole has been a matter exclusively reserved to the Pardon and Parole Board and to the Governor. In the case of a sentence of death or "life imprisonment without parole," the power to grant a parole has never existed. Oklahoma Constitution, Article VI, § 10. The power to grant parole, or to suspend a prohibition of parole, denied to the Executive Branch certainly does not lie with the Judiciary.[1] That which is prohibited by the Constitution cannot be granted by the Judiciary.[2]

¶ 16 The trial court's sentence in this case is not authorized by law. The trial court effectively sentenced Appellant to life imprisonment and the sentence is therefore modified to life imprisonment.

### DECISION

¶ 17 Appellant, Jason Leon Cruse, was convicted at jury trial of First Degree Malice

---

1. This is not to say that the Governor is without the power to grant clemency or to commute such a sentence.

2. No statutory provision for suspension of sentence grants the court the right to suspend a prohibition of eligibility for parole. 22 O.S.2001, § 991(A).

Aforethought Murder (21 O.S.Supp.1998, § 701.7) in the District Court of Murray County, Case No. CF–2000–105. The jury was unable to recommend a sentence. The Honorable John H. Scaggs, District Judge, sentenced Appellant to life imprisonment without the possibility of parole, suspending the "without the possibility of parole" portion of the sentence. The Judgment of the district court is **AFFIRMED.** The Sentence is not authorized by law and is **MODIFIED** to life imprisonment.

JOHNSON, P.J., and LUMPKIN, and STRUBHAR, JJ., concur.

CHAPEL, J., concurs in results.